# EXHIBIT C

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
JUNE 2005 CALENDAR

I. **COMMITMENT FACTORS:**

    A. **Life Crime:**

        Ekdahl was received to the Department of Corrections on January 1, 1984 to serve a 15 year to life term from Monterey County (case number CR9938) for Murder in the second degree. The victim in the case was Arthur Sandoval, age 17 years old.

        1. **Offense Summary:**

            (Source record supplied by the Monterey County Sheriff's Department)

            On October 18, 1981, at approximately 10:50 p.m., Soledad Police responded to Pete's Shell (a service station and grocery store) on South Front Street regarding an armed robbery, which had just occurred. Arthur Sandoval (17) was located behind the station face down in a pool of blood; there was no pulse. Victims Pamela Lewis (21) and Sal Montoya (19) stated that two subjects with ski masks entered the store, ordered them to lay face down on the floor, took $13 from the cash register and ran from the store. A short time later they heard two shots.

            The autopsy report indicates that Arthur Sandoval died from a gunshot wound to the head.

        2. **Prisoner's Version:**

            Ekdahl declines to discuss the offense, and made this statement "I am factually innocent-I don't discuss the case."

    B. **Aggravating/Mitigating Circumstances:**

        1. **Aggravating Circumstances:**

            a. The crime involved the use of a firearm.
            b. It can be argued that the robbery was premeditated, which indirectly resulted in the shooting that took place while Ekdahl was fleeing the scene.

EKDAHL, EMIL      C-79199      CSP-SQ      JUNE 2005

2.  Mitigating Circumstances:

   a.  Lack of a significant criminal history. Ekdahl has no juvenile of other adult convictions.
   b.  It can be argued that Ekdahl participated in the crime under circumstances of coercion, duress, or his conduct was partially excusable for some other reason not amounting to a defense.

II. PRECONVICTION FACTORS:

A.  Juvenile Record:

No juvenile convictions noted.

B.  Adult Convictions and Arrests:

Sacramento Police Department on 8/19/83 arrested Ekdahl for Forgery (PC 470), access/alter/theft from a computer (PC 502), grand theft (PC 487) and criminal conspiracy (PC 182). All charges were dismissed on 11/9/83 by Sacramento County Municipal Court.
Ekdahl was arrested for the instant offense by Monterey County Sheriffs Officers on 9/17/83. He is currently serving a 15-year to life term for this offence.

C.  Personal Factors:

Emil Ekdahl was born to the parents, Emil Ekdahl Sr. and Mona Christopher on 3/29/63. He is an only child born to this relationship. Ekdahl never knew his father and was raised by his mother and stepfather (George Christopher) in Northern California. He has two brothers (Jamon and Tony Christopher) and two sisters (Indie Meyers and Celia Montgomery) who live in California. Ekdahl attended school until the ninth grade. He later earned his GED. Ekdahl reports that he married Darlene Victor in 1982. He later found out that the marriage was not legal. The two sustained a common-law relationship. Ekdahl has no children.

EKDAHL, EMIL          C-79199          CSP-SQ          JUNE 2005

Military records indicate Ekdahl served in the United States Army for nine months in 1982 but did not adapt well to military life and was granted an early discharge. At the time of his arrest in September, Ekdahl had been employed six months as an apprentice longshoreman for the Port of Sacramento.

## III. POSTCONVICTION FACTORS:

### A. Custody History:

Ekdahl was received in the Department of Corrections on 1/16/84 at the Northern Reception Center (NRC-CMF) in Vacaville, California. He was processed and endorsed for placement at California Training Facility (CTF) on 3/2/84. Ekdahl was received at CTF on 3/5/84 for level III placement. Initial custody was established at Close B due to his minimum eligible parole date (MEPD) of 5/14/94. Ekdahl was placed on the support services waiting list at his initial classification hearing on 3/15/84. On 6/21/84, he appeared before the Unit Classification Committee (UCC) for special classification. Based on a psychiatric referral dated 6/20/84 by Phillip Hicks, M.D., Staff Psychiatrist, Ekdahl was referred to the Classification Service Representative (CSR) for Category J placement at California Men's Colony East (CMC-E). Ekdahl was subsequently reviewed by the CSR on 7/10/84 and endorsed for transfer to California Medical Facility (CMF) for CAT J placement. Ekdahl was received at CMF on 9/20/84. He appeared before UCC on 10/3/84 for initial review. Custody was reduced to Medium A custody and he was involuntarily unassigned pending declassification and program determination. Ekdahl was re-referred to the CSR for category K placement. UCC noted that Ekdahl did not meet the criteria for the Cat J program. It was noted that he did not suffer from a major mental illness and did not have a history of mental illness. Ekdahl was subsequently reviewed by the CSR on 11/1/84. He was endorsed for placement in the Cat K program at CMF. Ekdahl received a work assignment to the sandwich room. Ekdahl was reviewed before UCC on 3/28/85 for program evaluation and possible transfer consideration. Ekdahl related to the committee that he did not feel comfortable at CMF, but stated he did not have any known enemies that would preclude his transfer to CMC-E. His case was subsequently referred to the CSR for Category K placement. Ekdahl case was presented to the CSR on 4/18/85. He was endorsed for transfer to CMC-E. Subject was reviewed before UCC on 6/10/85 for deletion from the Cat K program. It was recommended that he be retained at CMC-E as a level IV override for general population (GP) programming. Ekdahl was deleted from the Cat K program by the CSR on 6/25/85. He was retained at CMC-E for GP placement. Ekdahl received a work assignment to textile products on 7/10/85. He was later reassigned to vocational auto body. Ekdahl was unassigned from his work assignment in Industries on 3/25/91 due to a CDC 115 rules violation report (RVR) for refusal to perform an assigned task. He was later reassigned to the hospital dietary kitchen on 4/16/91. Ekdahl was reassigned to the vocational machine shop in 1992. Ekdahl received a non-adverse transfer to CSP-CTF on 4/28/93. Custody was maintained at Medium A. Ekdahl was

reviewed by UCC on 3/27/96 for transfer consideration to San Quentin II for Category X evaluation at the request of the Board of Prison Terms (BPT). Ekdahl was subsequently endorsed for transfer on 4/18/96 and received at SQ-II on 5/30/96 for Cat X placement. Custody was retained at Medium A. He received a work assignment to Industries. Upon completion of the Cat X evaluation, he was transferred back to CTF-C on 10/16/96. Ekdahl was placed in Administrative Segregation (Ad/Seg) on 2/9/97 for assault on an inmate. Custody was increased to Maximum B. He was retained in Ad/Seg pending adjudication of the RVR. Ekdahl was issued a CDC 115 for battery on an inmate, he was found guilty of this violation. He was assessed a 3 month Security Housing Unit (SHU) and received a 90 day loss of credit. He was reviewed before ICC on 3/18/97. The committee elected to assess and suspend the SHU term as of 3/18/97 and alternate GP placement as an appropriate alternative. Ekdahl's case was referred to the CSR for transfer consideration to SQ-II/FOL-II. He was retained in Ad/Seg pending transfer. Ekdahl was endorsed for transfer to SQ-II on 7/14/97. He was received at SQ-II on 9/20/97. Ekdahl was initially placed in Ad/Seg upon his arrival at SQ due to his previous Ad/Seg placement while at CTF. He was reviewed by ICC on 9/25/97 for his initial Ad/Seg review. During this classification hearing, Ekdahl requested retention in Ad Seg due to an enemy concern. Ekdahl indicated that he had a serious enemy situation with condemned inmate Danny Horning. He indicated that Horning's two brothers, Stephen and Mark, were his crime partners. Based on this information, Ekdahl was referred to the CSR for transfer consideration to Folsom or Chuckawalla Valley State Prison. No documentation could be located in the file to indicate what the action of the CSR was or whether the case ever referred to the CSR for transfer consideration. Ekdahl was at some point between September and October of 1997 was released from Ad Seg and placed in the GP at San Quentin. He appeared before UCC for his initial classification hearing on 10/23/97. Custody was reduced to Medium A. He was placed on the Prison Industries waiting list for a work assignment. At 5/27/04 at a program review, UCC elected to place Ekdahl in Vocational Sheet metal. UCC kept Ekdahl's custody at Medium A and is currently working in Vocational Sheet Metal.

B. <u>Therapy & Self-Help Activities:</u>

Ekdahl was a member of the Alcoholics Anonymous Program on a continual basis since May of 1986 (refer to CDC 128B general chronos dated May 1986 through January 2003). Records indicate that Ekdahl attended the first four weeks of an eight week substance abuse group from 11/13/86-1/9/87 (refer CDC 128B dated 2/24/87). Ekdahl participated in the Chapman University College Program at CMC from 9/16/91-12/20-91, 7/17/92-1/21/92, and 5/18/92-8/21/92 (refer CDC 128B's dated 3/26/92, 10/1/92, and 1/6/93). CDC 128C Psychiatric Chronos dated 1/6/98 indicate that Ekdahl completed eight-weeks of Self-esteem and Assertiveness Training and participated in an eight-week Anger Management Group. CDC 128B dated 2/18/94 indicates that he participated in a sixteen week Psychology Workshop. Ekdahl was a participant in the Alternatives to Violence Project workshop from 7/31/96 until 8/2/96 (refer to CDC 128B dated 8/2/96). He attended a four week advanced relaxation therapy group in 1997 (refer to CDC 128 dated 9/15/97). Ekdahl was a participant in the Chapman College Program from 9/14/92 until 12/18/92 (refer to CDC 128B dated 1/28/93), and later completed courses while attending San Quentin's college program (refer CDC 128 dated 5/21/99). Ekdahl received his State of California Certificate of Educational Completion for 2200 hours of Vocational Auto Shop training on 6/14/89. Ekdahl received a Certificate of Achievement for Vocational Machines from Valley Adult School on 3/1/96. CDC 128B dated 10/9/00 indicates that Ekdahl attended the KAIROS men's retreat which was held on 10/6/00 until 10/9/00.

C. <u>Disciplinary History:</u>

| <u>Date</u> | <u>Charge/Description</u> | <u>Disposition</u> |
|---|---|---|
| 02/9/97 | CCR 3005/ Battery on an Inmate | Guilty/90 loss of privileges |
| 11/27/96 | CCR 3041(b) Refusing to Work | Guilty/30 days loss of credit, 90 days LOP |
| 04/02/92 | CCR 3005(c) Fighting | Guilty/90 days LOP, 10 days Disciplinary Detention (DDU) |
| 03/6/91 | CCR 3005(a)Disobeying Orders | Guilty/30 Loss of credits, and two weekends confinement to qtrs. (CTQ) |
| 10/6/87 | CCR 3005(c)Fighting | Guilty/(4) weekends CTQ which was suspended pending 90 days clean conduct. |
| 07/12/84 | CCR 3016 Possession of I/M Alcohol | Guilty/90 days loss of behavioral credits. |
| 07/1/84 | CCR 3016 Suspected Intoxication | Guilty/150 days loss of behavioral credits |

EKDAHL, EMIL            C-79199            CSP-SQ            JUNE 2005

Ekdahl also received twelve CDC 128A general counseling chronos between 12/13/84 and 9/28/99. Ekdahl has remained disciplinary free since 1997.

IV. **FUTURE PLANS:**

    A. Residence:

    Ekdahl indicates that he applied to the Genesis Residential Center at 1152 Sonoma Avenue in Seaside, California in regards to placement in their drug and alcohol residential program. He indicated that he is still awaiting a response.

    B. Employment:

    When released he has indicated that he will seek employment as a Machinist in Auto Mechanics or Sheet Metal.

V. **SUMMARY:**

    A. Unfortunately, Ekdahl's been facing severe medical issues, which have affected his progress to parole. Due to the current medication Ekdah has been receiving, he's been unable to participate in self-help therapy or attend his current job on a regular basis. Ekdahl understands the expectations of the Board and knows his lack of participation will possibly affect his possibility to parole. Ekdahl has stated he would have a stronger support system if he was allowed to relocate to Placer County where his family lives. Ekdahl has made attempts, to comply with the BPT recommendation to find viable living arrangements in Monterey County by contacting Genesis Residential Center in Seaside, CA. He is currently awaiting a response from the center concerning his inquiry for placement in the drug and alcohol treatment program.

B.  If feasible, Ekdahl could benefit from continuing to participate in available self-help/therapy programs and continuing to remain disciplinary free.

C.  This report is based on an hour interview with the inmate and a thorough review of the central file.

D.  Ekdahl was provided the opportunity to review his central in preparation for his BPT appearance, which he declined. (refer to CDC 128 dated 11/16//04)

E.  Ekdahl is currently a participant in the Mental Health Service Delivery System. His current level of care is designated at CCCMS. CDC form 1845 indicates that Ekdahl has a permanent disability not-impacting placement. Subject has indicated that he does not require adaptive services for the purpose of effective communication as required per Armstrong II remedial plan..

EKDAHL, EMIL          C-79199          CSP-SQ          JUNE 2005

_signature_
M. GARCIA
Correctional Counselor I

_signature_
V. KELLEY
Correctional Counselor II

_signature_
C. BELSHAW
Correctional Counselor III, C&PR

EKDAHL, EMIL           C-79199           CSP-SQ           JUNE 2005