# EXHIBIT G
# (PART 1 OF 2)

# ORIGINAL

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

# FILED

OCT 1 6 2006

MICHAEL J. YERLY, Clerk

By _____

DEPUTY

In re EMIL EKDAHL,

    on Habeas Corpus.

H030652
(Monterey County
 Super. Ct. No. HC5267)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated   **OCT 1 6 2006**      _Premo_    Acting P.J.

Name __**Emil Ekdahl.**_____

Address __**P.O. Box C-79199.  #2N30-L.**_____

__**San Quentin State Prison of San Quentin.**__

__**San Quentin, CA. 94964.**_____

CDC or ID Number __**C-79199.**_____

MC-275

COPY

FILED

SEP 2 1 2006

Court of Appeal - Sixth App. Dist.

By _____
DEPUTY

## APPELLATE COURT FOR THE STATE OF CALI

## FIRST DISTRICT COURT OF APPEAL.
*(Court)*

DIVISION ONE

PETITION FOR WRIT OF HABEAS CORPUS

__**Emil Ekdahl,**__   pro per ..._____
Petitioner

VS.

__**San Quentin State Prison Warden:**__
Respondent   **Robert Avers.**

No. ___**H030652**___
*(To be supplied by the Clerk of the Court)*

A115144

### INSTRUCTIONS - READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you shuld file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies.
- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor.  See Penal Code section 1475 and Government Code section 72193.  You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of th California Rules of Court [as amended effective January 1, 1999].  Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

For Approved by the Judicial
Council of California MC-275
(Rev. January 1, 1999)

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal code, § 1473 et. Seq.;
Cal. Rules of Court, rules 56.5, 201(h)

I

This petition concerns:

☒ A conviction          ☒ Parole

☐ A sentence            ☐ Credits

☐ Jail or prison conditions     ☐ Prison Discipline

☒ Other (specify): __Parole Hearing before the Board of Prison Terms.__

1. Your name: __Emil Ekdahl.__

2. Where are you incarcerated? __San Quentin State prison of California U.S.A.__

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

   Answer subdivisions a. Through i. To the best of your ability.

   a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon")

      __One count of use of a weapon during a robbery. Two counts of robbery.__

      __One count of accomplice to Second Degree Felony murder Theory.__

   b. Penal or other code sections: __§ 12022 (1981 era statute), § 211, § 31,__

      __§ 189, § 190.__

   c. Name and location of sentencing or committing court: __Monterey County Superior Court located at__

      __240 Church Street. P.O. Box 1819. Salinas, CA. 93902.__

   d. Case number: __CR-9938 & CR-9942__

   e. Date convicted or committed: __December 14, 1983.__

   f. Date sentenced: __January 05, 1984.__

   g. Length of sentence: __Sixteen Years To Life.__

   h. When do you expect to be released? __2006.__

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

      __James H. Newhouse. Attorney at Law. 631 Arrego Street, Monterey, CA. 93940.__

4. What was the LAST plea you entered? (check one)

   ☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?
   ☐ Jury ☒ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

6.  GROUNDS FOR RELIEF

Ground 1:  State briefly the grounds on which you base your claim for relief.  For example, "the trial court imposed an illegal enhancement."  (If you have additional grounds for relief, use a separate page for each ground.  State ground w on page four.  For additional grounds, make copies of pare four and number the additional grounds in order.)

## See attached points and authorities in support of the petition for writ of habeas corpus

a.  Supporting facts:

Tell your story briefly without citing cases or law.  If you are challenging the legality of your conviction, describe the fact upon which your conviction is based.  *If necessary, attach additional pages*.  CAUTION:  You must state facts, not conclusions.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial.  Failure to allege sufficient facts will result in the denial of your petition.  (See in re Swain (1949) 34 Cal.2nd 300, 304.)  A rule of thumb to follow is:  who did exactly what to violate your rights at what time (when) or place (where).  (If available, attach declarations relevant records, transcripts, or other documents supporting your claim.)

## See attached points and authorities in support of the petition for writ of habeas corpus.

b.  Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

## See points and authorities in support of the petition for writ of habeas corpus

7.  Grounds 2 or Ground _____ (If applicable):

**See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

a.  Supporting facts:

**See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

**See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

_____

IV

8.  Did you appeal from the conviction, sentence, or commitment?    ☒ Yes  ☐ No.  If yes, give the following information.

    a.  Name of curt ("Court of Appeal" or "Appellate Dept. Of Superior Court"):

        Court of Appeal, First District , Division Four.

    b.  Result: __Judgement Affirmed_____    c Date of decision: __April 29, 1985.__

    c.  Case number or citation of opinion, if known: __A025812 (CR-9938 & CR-9942)__

    d.  Issues raised: (1) __Unknown__

    (2) _____

    (3) _____

    f.  Were you represented by counsel on appeal? ☒ Yes  ☐ No. If yes, state the attorney's name and address, if known:

        Mr. Gardner. 900 North Point. Apt. # 450. San Francisco, CA. 94109.

9.  Did you seek review in the California Supreme Court?    ☒ Yes  ☐ No. If yes, give the following information.

    a.  Result: __Review Denied._____    b Date of decision: __July 17, 1985.__

    b.  Case number or citation of opinion, if known: __A025812 (CR-9938 & CR-9942)__

    c.  Issues raised: (1) __Unknown.__

    (2) _____

    (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did make on appeal, explain why the claim was not made on appeal:

    Ineffective Aid of Counsel on Appeal.

11. Administrative Review:

    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal. App. 3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

        No administrative remedies available from the Board of Prison Hearings.

        No known administrative review for the Innocent Claim or the Illegal Sentence Claim.

    b.  Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.  *** Not Applicable

        Attach document that show you have exhausted your administrative remedies

12. Other than direct appeal, have you filed any other petition, application, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1)   Name of court:  California Supreme Court.

   (2)        Nature of proceeding (for example, "habeas corpus petition"):  habeas corpus petition.

   (3)        Issues raised:  (a)  Sixth Amendment Right to a Jury Trial.

        (b)  Eighth Amendment Right to Proportional Sentence by the Board of Prison Hearings.

   (4)        Result (Attach order or explain why unavailable):  Summarily Denied Review.   Lost.

   (5)        Date of decision:  August 09, 2000.

   b. (1)  Name of court:  California Supreme Court.

   (2)        Nature of proceeding (for example, "habeas corpus petition"):  writ of habeas corpus petition.

   (3)        Issues raised:  (a)  New Evidence in Co-Defendant's Trial Transcripts.

   (4)        Result (Attach order or explain why unavailable):  Summarily Denied Review as being Time Barred                                          .

   (5)        Date of decision:  February 32, 2000.  Lost. S084090.

**b.**  For additional prior petitions, applications, or motions, provide the same information on a separate page.

**c.   See Attached page for 13 c.**

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   N/A.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition.  (see in re Swain (1949) 34 Cal.2d 300, 304)

   For the two Claims of Innocence and Illegal Sentence, petitioner believes there is no Time

   Bar, or Delay for Constitutional Relief.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstance justifying an application to this court:

   Not Applicable.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true

Date:  August 28, 2006.                    _Emil Ehdahl_
                                                    (SIGNATURE OF PETITIONER

# ATTACHMENT 13. C.

**13. c. (1)** Name of Court: <u>Monterey County Superior Court. Salinas, California.</u>

**(2)** Nature of Proceeding: <u>petition for writ of habeas corpus # HC 5267</u>          .

**(3)** Issues raised:


   **(a)**     The ' some evidence test ' is insufficient as a test to protect petitioner's due process rights due in a parole hearing.

   **(b)**     Prison Officials are forcing their religion of AA on petitioner as a condition of parole suitability in violation of the right to separation of Church and State religious freedom.

   **(c)**     BPH did not send P.C. § 3042 notice to trial attorney in violation of Due Process.

   **(d)**     The BPH used illegal and unreliable evidence in a parole hearing, which resulted in arbitrary and capricious hearing in violation of Due Process.

   **(e)**     The BPH in denying parole with denial reason # 11, violated petitioner's due process of law rights pursuant to Ca. Penal Code § 5011, under the California and Federal Constitutional clauses, and including the relevant due process claims of a right to a defense, and Ineffective Aid of Counsel at trial.

   **(f)**     Petitioner has an illegal sentence, in violation of the applicable clauses of either the California of Federal Constitutions, as 2nd degree felony murder for one of the felonies enumerated in Penal Code § 189 is usurpation of legislative power by the California Supreme Court.

   **(g)**     Penal Code § 3001 is unconstitutional

1

## ATTACHMENT 13 c

2

### CONTINUED.

3

4    (4)  Result:  Exhibit Attachment  A: Mo. Co. Sp. Ct. Summery  Denial Order # HC 5267.

5    (5)  Date of Decision:  July 21, 2006.

6    ///

7    ///

8    ///

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

# FACTS.

2

3        On January 24, 2006 ., petitioner filed a petition for writ of habeas corpus in

4    Monterey County    Superior Court.   The writ was given the file number of   HC

5    5267.

6        The writ raised seven grounds for relief:

7

8    1.     The ' some evidence test ' is insufficient as a test to protect petitioner's

9           due process rights due in a parole hearing.

10   2.     Prison Officials are forcing their religion of AA on petitioner as a

11          condition of parole suitability in violation of the right to separation of

12          Church and State religious freedom.

13   3.     BPH did not send P.C. § 3042 notice to trial attorney in violation of Due

14          Process.

15   4.     The BPH used illegal and unreliable evidence in a parole hearing

16          which resulted in arbitrary and capricious hearing in violation of Due

17          Process.

18   5.     The BPH in denying parole with denial reason # 11, violated petitioner's

19          due process of law rights pursuant to Ca. Penal Code § 5011, under the

20          California and Federal Constitutional clauses, and including the relevant

21          due process claims of a right to a defense, and Ineffective Aid of

22          Counsel at trial.

23   6.     Petitioner has an illegal sentence, in violation of the applicable clauses

24          of either the California of Federal Constitutions, as 2nd degree felony

25

# FACTS.

7.    murder for one of the felonies enumerated in Penal Code § 189 is

usurpation of legislative power by the California Supreme Court.

8.    Penal Code § 3001 is unconstitutional.

On  March 23, 2006., the Monterey Count Superior Court issued an ORDER to

extend time

which to respond to petitioner's writ 60 days from March 23, 2006.

See Exhibit Attachment  ₐ A-9  Court Order CRCR 4.551(h).

On July 21, 2006., the Monterey County Superior Court Judge the Honorable

Marla O. Anderson issued an ORDER to summarily deny six of petitioner's seven

grounds for relief.  For the 2nd ground of the writ the Court found that a *prima facie*

showing was made, and issued an informal response order.

See Exhibit Attachment  ₐ A  Summery Denial Order., pp. 1 - 7 line(s)

///

///

///

1

## UPDATED TABLE OF CONTENTS

2

3    Petition for writ of habeas corpus MC-275                              pp. I -VIII

4    Updated Facts covering procedural history of said habeas              pp. i-    ii

5    Table of Contents                                                     pp.      Iii

6    Table of Authorities                                                  pp. iv - vi

7    Table of Exhibits                                                     pp.      vii

8    Rebuttal to Superior Courts Denial Order Supplemental Arguments       pp. 1- 20

9    Facts original facts of said habeas                                   pp. 1-    5

10   Habeas Corpus Grounds Ground One                                      pp. 6- 27

11   Habeas Corpus Grounds Ground Two                                      pp. 38-41

12   Habeas Corpus Grounds Ground Three                                    pp. 42-45

13   Habeas Corpus Grounds Ground Four                                     pp. 46-47

14   Habeas Corpus Grounds Ground Five                                     pp. 48-53

15   Habeas Corpus Grounds Ground Six                                      pp.      54

16   Habeas Corpus Grounds Ground Seven                                    pp.      55

17.  Verification                                                          pp.      56

18   Prayer for Relief                                                     pp.      57

19   ///

20   ///

21   ///

22

23

24

25

# TABLE OF AUTHORITIES.

California Constitution

United States Constitution

California Penal Code Statue    § 12(6)(8)

California Penal Code Statue    § 31

California Penal Code Statue    § 189

California Penal Code Statue    § 190

California Penal Code Statue    § 211

California Penal Code Statue    § 3001

California Penal Code Statue    § 3041

California Penal Code Statue    § 3042

California Penal Code Statue    § 5011

California Penal Code Statue    § 12022

Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed. 2d. 435]

Ag. Lb. Rl. Bd. v. Sup. Ct. (1976) 16 Cal. 3d. 392 [128 Cal. Rptr. 183]

Cal. Ed. Fac. Authority v. Priest (1974) 12 Cal. 3d. 593, 605 [116 Cal. Rptr. 361]

Coleman (2005) No. 96-0783 LKK PAN slip op. At nine.

Ex parte Andrews (1861) 18 Cal. 679

Fem. Wom. V. Philibosan (1984) 157 Cal. App. 3d. 1076, 1092 [203 Cal. Rptr. 918]

Fox v. City of L.A.(1978) 22 Cal. 3d. 792 [150 Cal. Rptr. 876]

Flanders v. Graves (2002 8th Cir.) 299 F.3d. 924]

Kerr v. Farrey (1996 7th Cir.) 95 F. 3d. 472

In re Powell (1988) 45 Cal. 3d. 894, 902 [248 Cal. Rptr. 431]

# TABLE OF AUTHORITIES.

In re Ramirez (2001) 94 Cal. App. 4th 549 [114 Cal. Rptr. 2d. 381]

In re Rosenkrantz (2002) 29 Cal. 4th 616, 658 fn. # 12 [128 Cal. Rptr. 2d. 104]

In re Scott (2004) 119 Cal. App. 4th 573 [15 Cal. Rptr. 3d. 32]

In re Scott (2005) 133 Cal. App. 4th 573 [34 Cal. Rptr. 3d 905]

In re Shaputis (2005) 135 Cal. App. 4th 217 [37 Cal. Rptr. 3d. 324]

In re Smith (2003) 109 Cal. App. 4th 489 [134 Cal. Rptr. 2d. 781]

In re Sydney M. (1984) Cal. App. 3d. 39, 48 [208 Cal. Rptr. 378]

Irons v. Cal. St. Pr. Solono (2005 E.D. Cal.) 358 F. Supp. 2nd 936, 937 Fn. # 12

Jancsek v. Oregon (1987 9th Cir.) 833 F. 2d. 1389, 1390.

Martin v. Marshall (2006 E.D. Cal.) No. 05-3486 MHP

McQuillon v. Duncan (2002 9th Cir.) 306 F. 3d. 895, 901 – 904.

Mejia v. Reed (2003) 31 Cal. 4th 657, 663 [3 Cal. Rptr. 3d. 390]

People v. Aris (1989) 215 Cal. App. 3d. 1178, 1195 [264 Cal. Rptr. 167]

People v. Burroughs (1984) 35 Cal. 3d. 829 [201 Cal. Rptr. 319]

People v. Castenada (2000) 23 Cal. 4th 743, 746 – 747 [97 Cal. Rptr. 2nd 906]

People v. Cochran (2002) 103 Cal. App. 4th 8, 13 [126 Cal. Rptr. 2d. 416]

People v. Dannenberg (2005) 34 Cal. 4th 1060, 1083 [23 Cal. Rptr. 2d. 653]

People v. Dillon (1983) 34 Cal. 3d. 441 [194 Cal. Rptr. 390]

People v. Duvall (1995) 9 Cal. 4th 464, 474 [37 Cal. Rptr. 2d 259]

People v. Ford (1964) 60 Cal. 2nd. 7721 [36 Cal. Rptr. 620]

People v. Hansen (1994) 9 Cal. 4th 300 [36 Cal. Rptr. 609]

People v. Horning (1984) 150 Cal. App. 3d. 1015, 1017 – 1018 [198 Cal. Rptr. 384]

# TABLE OF AUTHORITIES

People v. Horning (2005) 34 Cal. 4th 871 [22 Cal. Rptr. 3d. 305

People v. Pitmon (1985) 170 Cal. App. 3d. 38, 51 [216 Cal. Rptr. 221]

People v. Pope (1979) 23 Cal. 3d. 412, 427 [152 Cal. Rptr. 732

People v. Robles (2000) 23 Cal 4th 1106, 1111 [99 Cal. Rptr. 2d. 120]

U.S. Nixon (1974) 418 U.S. 683 [41 L.Ed. 2d. 1039

///

///

///

# UPDATED TABLE OF EXHIBITS.

**aA:** MoCo. Sup. Ct Denial Order for habeas corpus writ No. HC-5267     pp. 1   - 9

**bA:** Attorney Generals reply Informal Response to Gnd. # 2     pp. 1   - 3

**cA:** Petitioner's Rebuttal to the Informal Response     pp. 1   - 7

**dA:** MoCo Superior Courts Denial Order of Informal Response     pp. 1   - 3

**A:** 2005 BPH Parole Hearing Transcripts     pp. 1   - 14

**B:** 2005 BPH Denial Transcripts     pp. 15 - 20

**C:** Detective Sonne's Letter dated March 06, 1991     pp. 1   - 7

**D:** Probation Officers Report (POR)     pp. 1   - 7

**E:** Trial Court Sentencing Transcripts     pp. 1   — 6.

**F:** 2002 BPT Denial Transcripts     pp. 33— 37

**G:** Monterey County District Attorney § 3042 reply letter     pp.     1

**H:** 2003 BPT Denial Transcripts     pp. 62 - 70

**I:** Dr. Lewis's Life Prisoner Psychological Report     pp. 1   - 5

**J:** Dr. Bencichs's Life Prisoner Psychological Report     pp. 1   - 3

**K:** BPH Waiver Forms (#1001A Rev. 10/89) for 2005 parole hearing     pp. 1   - 8

**L:** New York Times article dated Oct. 02, 2005 Internet download     pp. 1   - 9

**M:** California Supreme Court Denial Order No. S117967 Apr. 21, 2004     pp. 1

**N:** Correctional Counselor Life Prisoner Evaluation Report     pp. 1   - 8

**O:** Alcoholism excerpted from 'Life Extensions" ISBN: o-446-37683-3     pp. 1

**P:** Article of the CCPOA an Internet Download     pp. 1   - 4

**Q:** CDC&R form RFI sent to C&PR at San Quentin     pp. 1

**R:** 602 Administrative Appeal filed by petitioner on Mar. 14, 2005     pp. 1   - 4

**S:** BPH Life Prisoner Parole Consideration Worksheet of 2005 hearing     pp. 1   - 5

**T:**    BPH memo's detailing whom received a Penal Code § 3042 notice  pp. 1  - 4

**U:**    BPH memo stating that a § 3042 notice was not sent to petitioner's trial attorney because the Board of Prison terms does not know his name or address.

1

## REBUTTAL TO SUPERIOR COURT DENIAL ORDER.

2

## SUPPLEMENTAL ARGUMENT TO GND. # 1

3

## THE SUPERIOR COURT ERRED.

4

5

6      The Monterey County Superior Court denied Ground One of petition for writ of

7    habeas corpus HC 52 67 dated July 21, 2006.

8

9      In said petition, Ground One Petition raised the claim questioning and arguing, that

10   the so called "some evidence test" used by the California courts reviewing of the Board

11   of Prison Terms parole unsuitability determinations, is as a reviewing test insufficient to

12   protect petitioner's California and Federal due process rights.

13

14      The superior Court denied Ground One by application of the "some evidence test".

15   The Court found "some evidence" to deny Ground One. The Court never addressed the

16   validity question about the constitutional insufficiency of the "some evidence test."

17

18   Reference Attachment Ex. **aA:** MoCo.  Sp. Ct. Denial Order pp.  1 - 3; specifically pg.

19   2   Line(s) 17 - 23.

20   Reference:   HC 5267 habeas corpus at Ground One.

21

22

23

24

25

emil ekdahl                    Page 1                    August 23, 2006

# SUPPLEMENTAL ARGUMENT TO GND. # 1

## THE SUPERIOR COURT ERRED.

Petitioner contends that the Superior erred in denying the claims presented in Ground One because the Court did not address the actual arguments raised.

The actual argument raised challenged the constitutional sufficiency of the so called, "some evidence test." The Court erred because the question before it was not whether "some evidence" existed, but whether the actual "some evidence test" itself was sufficient to protect petitioner's rights.

Petitioner concedes to, as a pro per litigant, his argument in the contention portion of Ground One strays somewhat. But the Constitutional Claim raised as Ground One is clear. For example, some of the 'contentions' raised in Ground One should have been raised as separate Constitutional Grounds for Relief.

Reference:   HC 5267 habeas corpus at Ground One: Claim and Contentions.

Petitioner believes that a challenge to the constitutional sufficiency of the "some evidence test" must also challenge the validity of the Board's unsuitability determinations otherwise petitioner would not have standing in the first place.

Petitioner contends that the "some evidence test" is insufficient and the Board did not have "some evidence" to support its parole unsuitability determinations.

emil ekdahl                    Page 2                    August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 1

## THE SUPERIOR COURT ERRED.

In re Scott (2004) 119 Cal. App. 4th 573 [15 Cal. Rptr. 3rd. 32]

In re Shaputis (2005) 135 Cal. App. 4th. 217 [37 Cal. Rptr. 3rd. 324]

Irons v. Cal. St. Pr. Solono (2005 Ed. Cal.) 358 F. Supp. 2nd. 936, 947 fn. #12

Petitioner's claim and contentions are mentioned in footnote # 12 of the Rosenkrantz case law. Where at least in question, of the federal aspect of petitioner's claim in Ground One is referred to. The Rosenkrantz Court noted that the question of whether the "some evidence test" is sufficient enough to protect the Federal due process requirements has not been addressed because Rosenkrantz did not raise the "more stringent standard of review" claim.

In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 fn. # 12 [128 Cal. Rptr. 2nd. 104]

Petitioner's claim in Ground One, in the Federal context does claim via the "some evidence test" being insufficient that the Federal Constitution requires a more stringent test for the reviewing courts to use when testing the Boards parole unsuitability determinations.

Petitioner has furthered this claim by contending the California Constitution's due process requirements also demand a more stringent standard of review for the courts to test the propriety of the Board's unsuitability determinations.

emil ekdahl                          Page 3                          August 23, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## SUPPLEMENTAL ARGUMENT TO GND. # 1

## SUPERIOR COURT ERRED.

In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 fn. # 12 [128 Cal. Rptr. 2nd. 104]

McQuillon v. Duncan (2002 9th Cir.) 306 F. 3rd. 895, 901 - 904.

Petitioner also contends the Superior Court erred in denying Ground One because when the Court applied the "some evidence test' it did so without first issuing a "show cause order". The "some evidence test" establishes the Courts to review the Board's unsuitability determinations with something more than a per curium review. The "some evidence test" actually establishes the prima facie showing. This is because of what the Rosenkrantz Court said about the "some evidence test" to the reviewing courts. The Rosenkrantz Court directed any reviewing court when applying the "test:

> " If the decision's considerations of the specified factors is not supported by some evidence in the and thus is devoid of a factual basis, the court should grant the prisoner's petition for writ of habeas corpus and should order the Board to vacate its decision denying parole and thereafter proceed in accordance with due process of law."

In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 ¶ # (4) [128 Cal. Rptr. 2nd. 104]

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp. 1 - 3.

Reference:  HC 5267 habeas corpus at Ground One: Claim and Contentions.

emil ekdahl                           Page 4                      August 23, 2006

# SUPPLEMENTAL ARGUMENT TO GND. # 1
## SUPERIOR COURT ERRED

Thus a reviewing court cannot grant a habeas challenge to the Board's actions without first issuing the show cause order. The very requirement that a reviewing court conduct a "some evidence test" and grant relief, if due, predetermines the prima facie showing.

In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 ¶ # (4) [128 Cal. Rptr. 2nd. 104]

The Superior Court also erred in concluding there was "some evidence to support their unsuitability determinations. The Boards decision was predetermined and carried out in support of an illegal no parole policy in effect by the Schwarzenegger administration.

For example the Superior Court concluded that the Board had used petitioner's current and past depression to deny parole. When in fact the Board did not depression. The Board never used any such parole unsuitability determination to deny parole. Hypothetically speaking if the Board had used depression as a reason to deny parole, they would have violated petitioner's ADA rights

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pg. 2 Line(s) 20.

Reference Ex. **B** of habeas HC 5267; 2005 BPH Denial Trans pp. 15 - 20

Reference: HC 5267 habeas corpus at Ground One: Claim and Contentions.

///

///

emil ekdahl                     Page 5                     August 23, 2006

REBUTTAL TO SUPERIOR COURT DENIAL ORDER.

SUPPLEMENTAL ARGUMENT TO GND. # 2

THE SUPERIOR COURT ERRED.


The Monterey County Superior Court partially denied some of the contentions in Ground Two of said petition. However, the Court also found a prima facie showing was made for one of the contentions of Ground Two. Accordingly, the Superior Court Ordered an Informal Response to be made from the California Attorney General concerning this claim.

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp. 3 - 4 Line(s) 3 - 25 & 1 - 6.

Reference:   **HC 5267** habeas corpus at Ground Two: Claim and Contentions.


**FACTS**


On July 21, 2006, The Monterey County Superior Court issued a seven page Summery Denial Order. The Order Summery denied all of petitioner's claims except for Claim 2. For Claim, Two the court ordered an informal response from the Attorney General.

Reference Attachment Ex. **aA:**  MoCo. Sp. Ct. Denial Order pp. 3 - 4 Line(s) 3 - 25 & 1 - 6.

On August 04, 2006, the Attorney General filed a three page Informal Response

Reference Attachment Ex. **bA:** Attorney Generals reply Informal Response to Gnd. # 2 pp. 1  - 3

# SUPPLEMENTAL ARGUMENT TO GND. # 2

## THE SUPERIOR COURT ERRED.

On August 10, 2006, Petitioner filed his reply to the Attorney General's Informal Response

Reference Attachment Ex. **cA:** Petitioner's Rebuttal to the Informal Response pp. 1-7

When the Superior Court issued the Informal Response Order the Honorable Marla O. Anderson said,

> " Petitioner appears to have stated a *prima facie* case for relief as to his Second Cause of Action. Accordingly, pursuant to Rule 4.551(b) of the California Rules of Court, the Court directs Respondent to file an informal response to address whether any non-religious based alcohol abstinence courses are offered by the facility, and if not, to identify an alternative program offered at the institution in which Petitioner could participate in order to achieve the desired amount of programming and potentially lead to a finding of parole suitability. "

Reference Attachment Ex. **cA:** Petitioner's Rebuttal to the Informal Response pg. 7 Line(s) 9 – 14.

The Essential phrase from the Order seems to be: that are there any non-religious alcohol abstinence programs at San Quentin that petitioner could attend. Therefore, what follows from the Superior Courts Denial of petitioner's informally responded to claim makes no sense at all. In the Denial Order the Honorable Marla O. Anderson said:

" The Court sought an informal response from Respondent as to whether self-help programs unaffiliated with Alcoholics Anonymous were available to inmates who sought the benefit of self-help programs

## SUPPLEMENTAL ARGUMENT TO GND. # 2

## THE SUPERIOR COURT ERRED.


... It appears from the record that Petitioner does have a variety of self-help programs available to him in the institution.

Reference Attachment Ex. cA: Petitioner's Rebuttal to the Informal Response pp. 1-7

The Court's Summery Denial Order specifically asked if there were any non-religious alcohol abstinence offered at San Quentin.

Petitioner contends that the Superior Court erred because the court switched from non-religious alcoholic abstinence programs to self-help programs, thus petitioner's prima facie claim was not addressed. There are no programs at San Quentin that is non-religious and alcoholic abstinence. The self-help programs the Superior Court refers to are, in relation to alcoholic abstinence, religious in nature. The Superior Court then places the problem onto petitioner by requiring he just attend some self-help program and face the wrath of the Board when they find out petitioner did not specifically attend 12-step A.A. What the Superior Court should have did, in the least, is order the Board to accept one of the self-help programs in place of 12-step A.A. Although this would not be an ideal solution because the other self-help alcoholic abstinence programs are religious

The claim, or claims raised in Ground Two of said petition is that the BPH and their agents are forcing their 12-step Alcoholic Anonymous Religion onto petitioner as a requirement for parole suitability. Subsequently petitioner claims he is not an

Alcoholic because the state never tested him by genetics or any other criteria to establish the underlining disease, and this violates his constitutional rights.

### SUPPLEMENTAL ARGUMENT TO GND. # 2
### THE SUPERIOR COURT ERRED.

Petitioner further claimed that at the time his health problems of Hep-C, lymphoma, chronic fatigue syndrome, and major depression were causing petitioner to miss A.A., and the Board violated petitioner's ADA rights by not giving some recognition to these health problems. Please note that petitioner's health problems are in somewhat remission right now.

Reference:   **HC 5267** habeas corpus at Ground Two: Claim and Contentions.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## REBUTTAL TO SUPERIOR COURT DENIAL ORDER.

## SUPPLEMENTAL ARGUMENT TO GND. # 3

## THE SUPERIOR COURT ERRED.

The Monterey County Superior Court denied Ground Three of petition for writ of habeas corpus HC 52 67 dated July 21, 2006.

In said petition, Ground Three raised the due process claim that pursuant to California Penal Code § 3042; a notice shall be sent to the attorney who represented petitioner at trial. The attorney who represented petitioner at trial was James Newhouse. In petitioner's 2005 parole, hearing the Board failed to send a § 3042(A) notice to Mr. Newhouse. The Board admitted it did not send a notice to Mr. Newhouse on a BPH Memorandum. The Board said in the memo that the reason they did not send a § 3042(A) notice to Mr. Newhouse was because they did not know his address.

The memo was attached to said petition for writ of habeas corpus as Exhibit **S:**

Reference Ex. **S:** of habeas HC 5267; BPH/CDC&R memo of unknown Trail Attorney Address.

The Superior Court denied Ground Three by ordering three reasons:

1) The § 3042(A) notice does not apply as petitioner waived his BPH appointed attorney, implying that this attorney should receive it instead.

2) Petitioner failed to demonstrate any harm from the BPH's failure to send a § 3042 notice to the trial attorney.

emil ekdahl                    Page 7                    August 23, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## SUPPLEMENTAL ARGUMENT TO GND. # 3

## THE SUPERIOR COURT ERRED.

3) Petitioner failed to state a claim for relief on this Ground Three.

Petitioner Contends the Superior Court erred in denying Ground Three because it is immaterial as to whether petitioner waived the attorney that the Board tried to appoint to him. The California Penal Code statue § 3042(A) calls for the notice to be sent to:

" … The attorney who represented the defendant at trial…"

California Penal Code Statue § 3042(A) quoted in relevant part.

Thus, the rule of case law covering statutory interpretation applies. The Courts when discerning a statue look to the words of the statue itself. The words are given their usual and ordinary meaning. § 3042(A) 's words are clear as to which attorney the Board should send a notice to: " the attorney who represented the defendant at trial."

People v. Castenada (2000) 23 Cal. 4th 743, 746 - 747 [97 Cal. Rptr. 2nd. 906 ]

People v. Robles (2000) 23 Cal. 4th 1106, 1111 [99 Cal. Rptr. 2nd. 120 ]

emil ekdahl                    Page 8                    August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 3

2

## THE SUPERIOR COURT ERRED.

3

4      The statues intend can be further construed in light of its legislative history. In 1982,

5   the California legislature specifically modified Penal Code § 3042(A) from the former

6   Phrase:

7            " …The attorney for the defendant…"

8

9   Former California Penal Code Statue § 3042(A) 1981 era…

10

11      To the current Penal Code § 3042(A) reading of the phrase:

12

13            " … The attorney who represented who represented the defendant at trial…"

14

15   California Penal Code § 3042(A) 2006.

16

17      The 1982 California legislature specifically modified this above phrase from former

18   Penal Code § 3042(A) following the Attorney Generals issuing of Opinion number 64. The

19   64 Opinion held that once the Board sent notice to the attorney that the Board appointed

20   to represent the prisoner then the notification requirements of § 3042(A) were meet. The

21   Opinion 64 based this interpretation upon the former phrase: " …the attorney for the

22   defendant…"

23

24   64 Ops. Atty. Gen. 882 December 22, 1981.

25

emil ekdahl                    Page 9                    August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 3

2

## THE SUPERIOR COURT ERRED.

3

4       However, the 1982 California legislature did not want the Board to notify the

5   prisoner's attorney appointed to represent him years later in a parole suitability hearing.

6   The legislature wanted the Board to notify the attorney who represented the prisoner at

7   trial. The legislature wanted the trial attorney notified because he would have unique

8   insight into the case and the personality of the prisoner. The legislature wanted the

9   prisoner to have a source of mitigating evidence because all the other officials the statue

10  requires notification of are mainly a source of aggravating evidence. The prisoner should

11  be allowed some things to be on his side in the adversarial parole hearing process. So

12  the legislature modified the statue to a clear and plain meaning send a notice to the

13  attorney who represented the attorney at trial.

14

15  Mejia v. Reed (2003) 31 Cal. 4th. 657, 663 [3 Cal. Rptr. 3rd. 390]

16

17      Petitioner contests the second prong of the Superior Courts denial of Ground Three.

18  In the 2nd prong the Court's denial said that petitioner failed to demonstrate any harm

19  from the Board failing to send the § 3042(A) notice to his trail attorney James Newhouse.

20  The contentions to this are the Board violated the due process of law of Penal Code §

21  3042(A), and the Board violated due process of law inherent in the regulation CCR Title

22  15 § 2402 subd. (b).  And that what more harm is needed to be demonstrated than the

23  Constitutional Rights of Due Process of Law were violated? Aside from that there is the

24  added harm of petitioner being cheated out of a source of mitigating evidence i.e. the

25

1

## SUPPLEMENTAL ARGUMENT TO GND. # 3

2

## THE SUPERIOR COURT ERRED.

3

4      Reply the trial attorney James Newhouse would have sent to the Board if the Board had

5      notified him. This lack of notice from the trial attorney was most harmful because the

6      Board relied so heavily upon the § 3042(A) notice/reply from the Monterey County District

7      Attorney. Please see Ground Four supplemental argument where the Board postulated a

8      whole theory and subsequent speculation built on the back of a statement from the D.A.'s

9      reply letter after he received his § 3042(A) notice from the Board.

10

11      Petitioner contests the third prong of the Superior Courts denial of Ground Three. In

12      the third prong the Court said petition failed to state a claim and quoted the Duvall case.

13      Petitioner contends that Duvall cannot apply to the habeas proceedings challenging a

14      BPH unsuitability determination. Duvall only applies to habeas proceedings where the

15      prisoner is making a collateral attack upon the original conviction. While it is true, that

16      petitioner has two claims of collateral attack; However, claims in Ground Three are Board

17      attacks. The Court erred in using Duvall against a Board attack. It is also contended that

18      in a habeas proceeding from a pro per litigant who is only trying to get a show cause

19      order; the only proof of a claim is a prima facie showing not totally proven the claim before

20      an attorney is appointed to argue the claims.  In addition, what more proof is needed to

21      state a claim than a clear violation of Penal Code § 3042(A) by the Board.

22

23      People v. Duvall (1995) 9 Cal. 4th. 464, 474 [37 Cal. Rptr. 2nd. 259 ]

24      ///

25

emil ekdahl                  Page 11                  August 23, 2006

1

2

3

**REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

**SUPPLEMENTAL ARGUMENT TO GND. # 4**

**THE SUPERIOR COURT ERRED.**

4

5  The Monterey County Superior Court denied Ground Four of petition for writ of habeas

6  corpus HC 52 67 dated July 21, 2006.

7

8       In said petition; Ground Four raised the Claim that the Board used a "Theory" as one

9  of its unsuitability determination. And that the "Theory" was illegal, and illegal evidence

10  which resulted in an arbitrary and capricious parole hearing in violation of Petitioner's due

11  process of law rights.

12

13      The Superior Court denied Ground Four because the Court said, "However, there is

14  no evidence before the Court that the Board based its finding of unsuitability on mere

15  speculation."

16

17  Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pg. 4  Line(s) 15 – 21.

18  Reference:   HC 5267 habeas corpus at Ground Four: Claim and Contentions.

19

20      The Superior Court erred because while the Board did use multiple unsuitability

21  determinations it only takes one illegal determination to turn the whole hearing into a

22  violation of due process. One of the unsuitability determinations was a "Theory" and such

23  kinds of evidence do not have any indicia of reliability.

24

25  Jancsek v. Oregon Bd. Parole (1987 9th Cir.) 833 F.2d. 1389, 1390.

emil ekdahl                        Page 12                        August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 4

2

## THE SUPERIOR COURT ERRED.

3

4      The one illegal unsuitability determination of an unreliable "Theory" caused the

5      Board to further its reasoning to start speculating about:

6

7          "... Whether, he had more participation in the crime than he alleges..."

8

9      Reference Ex. **B:** of habeas HC 5267; 2005 BPH Denial Trans pg. 15 Line(s) 22 – 26.

10

11      Petitioner contends that this speculation by the Board about petitioner supposedly

12      having more participation in the offense is most damming and harmful. Especially in

13      consideration of the facts of the offense. Petitioner is convicted of being the Penal Code §

14      31 accessory/principle in a robbery turned to a murder, during the get away phase, where

15      his co-defendant shot the victim. Petitioner's other co-defendant threatened petitioner with

16      duress. This duress coupled with the fact petitioner was not the shooter, and a few other

17      factors lead the trial court to reduce the degree of offense from first-degree to second-

18      degree. The trial court used these factors to conduct a proportionality analysis following

19      Penal Code § 26(6)(8), and Dillon case law.

20

21      People v. Dillon (1983) 34 Cal. 3rd. 441 [194 Cal. Rptr. 390]

22

23      The Board speculation of more participation disregards the court found facts. The

24      Board substituted its "Theory," and subsequent speculations for the trial court degree

25      reducing powers and resentenced petitioner to life without the possibility of parole.

1

## SUPPLEMENTAL ARGUMENT TO GND. # 4

2

## THE SUPERIOR COURT ERRED.

3

4      The harm caused by this action of the Board would in fact condemn petitioner to die

5   in prison. Because the Board will now be forever expecting petitioner to come forward and

6   speak with insight to the supposed: ". more participation than he alleges ."Moreover, all

7   this speculation by the Board is based upon the Boards findings of: "the inmate actually

8   got worse after the incident, [and] never turned anyone in,"

9      Petitioner concedes to the fact he never turned anyone in that fact is true.

10  Moreover, as a fact it is just that a fact of the gravity of the offense.  Use of the gravity of

11  the offense to deny parole has no predictive value, and therefore violates petitioner's due

12  process rights.

13

14  In re Scott (2004) 119 Cal. App. 4th 573 [15 Cal. Rptr. 3rd. 32] .

15  In re Shaputis (2005) 135 Cal. App. 4th. 217 [37 Cal. Rptr. 3rd. 324]

16  Irons v. Cal. St. Pr. Solono (2005 Ed. Cal.) 358 F. Supp. 2nd. 936, 947 fn. # 2

17

18     Petitioner contends that the Board's use of judicially determined facts to increase the

19  normal parole rule of his sentence violates the holdings of Apprendi

20

21  Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed 2d. 435]

22

23     Moreover, as contented in the original habeas petition, "Theories" do not have any

24  indicia of reliability.  The Board has had this theory a secret from the very first parole

25  hearing of petitioner.  BPH Commissioner Lee let the secret theory out of bag.

emil ekdahl                    Page 14                    August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 4

2

## THE SUPERIOR COURT ERRED.

3

4       The same BPH Commission Lee who later was dismissed from the BPH for making

5       statements that were legally compromising the BPH's secret no parole police.  The secret

6       no  parole  police  under  orders  from  the  California  Governors  Deukmejian  to

7       Schwarzenegger

8

9       Martin v. Marshall (2006 E.D. Cal.) No. C 05-3486 MHP.

10      Coleman  No. 96-0783 LKK PAN, slip op. At nine.

11      Jancsek v. Oregon Bd. Parole (1987 9th Cir.) 833 F.2d. 1389, 1390.

12      ///

13      ///

14      ///

15

16

17

18

19

20

21

22

23

24

25

emil ekdahl                     Page 15                     August 23, 2006

1

**REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

2

**SUPPLEMENTAL ARGUMENT TO GND. # 5**

3

**THE SUPERIOR COURT ERRED.**

4

5      The Monterey County Superior Court denied Ground Five of petition for writ of

6    habeas corpus HC 52 67 dated July 21, 2006.

7

8      Petitioner contends that the Superior Court erred in denying Ground Five of said

9    petition because the Court did not address the actual contentions or claims.

10

11      The Claim raised in Ground Five was as follows: the Board in six prior parole

12    hearings had pursuant to procedural due process requirements issued written

13    recommendations to petitioner.   The recommendations gave legal standings of what

14    petitioner needed to accomplish in order to become parole suitable in their eyes.

15    Petitioner has in fact completed every one of the Boards recommendations in regards to

16    prison programming of self-help, or therapy.  Therefore it is arbitrary for the 2005 Board to

17    conclude that petitioner did not have enough prison programming.

18

19    Reference Attachment Ex. **aA:** MoCo.  Sp. Ct. Denial Order pp.  4 & 5 Line(s) 22 – 25. &

20    1 – 8.

21    Reference:   HC 5267 habeas corpus at Ground Five: Claim and Contentions.

22

23      Petitioner contends the six prior Boards recommendations violated petitioner's due

24    process rights because the recommendations were legally insufficient in instruction to

25    accomplish a parole suitability determination in the 2005-parole hearing.  Or the 2005

emil ekdahl                              Page 16                         August 23, 2006

1

**SUPPLEMENTAL ARGUMENT TO GND. # 5**

2

**THE SUPERIOR COURT ERRED.**

3

4    Board arbitrarily violated due process by not acknowledging that petitioner had achieved

5    completion of all prior Board recommendations in regards to self-help, or therapy.   Note

6    see Ground Two for self-help and therapy of Alcoholics Anonymous.

7    ///

8    ///

9    ///

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
## REBUTTAL TO SUPERIOR COURT DENIAL ORDER.

2
## SUPPLEMENTAL ARGUMENT TO GND. # 6

3
## THE SUPERIOR COURT ERRED.

4

5          The Monterey County Superior Court denied Ground Six of petition for writ of

6    habeas corpus HC 52 67 dated July 21, 2006.

7

8          In said petition, Ground Six raised the claim of having an illegal sentence.

9

10   Reference Attachment Ex. aA: MoCo. Sp. Ct. Denial Order pg. 5 & 6 Line(s) 9 – 24 & 1 -

11   21.

12   Reference:   HC 5267 habeas corpus at Ground Six: Claim and Contentions.

13

14         Petitioner contends the Superior Court erred because it misconstrued the Ground

15   Six as an "Improper Sentence" when in fact the claim was an illegal sentence.    Big

16   difference.

17

18         The claim from Ground Six contended the California Supreme Court under Rose

19   Bird erred in deciding People v. Dillon 34 Cal 3rd 441. The Rose Bird Court created an

20   illegal 2nd degree felony murder sentence. Petitioner was sentenced by the Trial Court to

21   the Dillon illegal 2nd degree sentence therefore petitioner's sentence is illegal.

22         The Bird Court erred in deciding Dillon because the Court only had the power under

23   the California Constitution to determine if Dillon's sentence was disproportional.   The

24   Supreme Court cannot invade the legislative sphere of power and super legislate into law

25   an new 2nd degree sentence for a felony murder where the underlining felony is one of the

emil ekdahl                         Page 18                         August 23, 2006

1               **SUPPLEMENTAL ARGUMENT TO GND. # 6**

2                    **THE SUPERIOR COURT ERRED.**

3

4 Felonies listed in Penal Code § 189.

5

6     The only power the Dillon Supreme Court had was to direct the Board of Prison

7 Terms to fix Dillon's sentence so the Court could then conduct a proportionality review.  If

8 the Court then found Dillon's sentence still disproportional, the Court could then order the

9 BPT to re-fix the sentence to a new lower term.  At that time the Court could conduct

10 another proportionality review.  It is conceivable that this process could cycle a few times

11 between the Supreme Court and the BPT before a proportional term was found suitable.

12

13     Thus petitioner contends his Trial Court erred not in a disproportional analysis , but

14 in passing an illegal sentence created by the Rose Bird Supreme Court over-stepping the

15 tri-partie Constitutional power boundaries to usurp the legislatures duties.

16

17 People v. Dillon (1983) 34 Cal. 3rd. 441 [194 Cal. Rptr. 390]

18

19 Reference Attachment Ex. **aA:** MoCo.  Sp. Ct. Denial Order pg. 5 & 6 Line(s) 9 – 24 & 1 -

20 21.

21 Reference:   HC 5267 habeas corpus at Ground Six: Claim and Contentions.

22 ///

23 ///

24 ///

25

emil ekdahl               Page 19               August 23, 2006

**REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

**SUPPLEMENTAL ARGUMENT TO GND. # 7**

**THE SUPERIOR COURT ERRED.**

The Monterey County Superior Court denied Ground Seven of petition for writ of habeas corpus HC 52 67 dated July 21, 2006.

In said petition, Ground Seven raised the claim of Penal Code § 3001 being unconstitutional because it places undue finical burden on petitioner to come up with parole plans to Monterey County. Petitioner does not have family or finical means to make viable parole plans that would be acceptable to the Board of Prison hearings in order to be found suitable for parole. The Board, the state, and the county do not have any resources available to help petitioner with viable parole plans: therefore, petitioner is condemned to die in prison because the Board demands the parole plans be submitted first before petitioner can be found suitable for parole.

The Superior Court erred because the Court denied the claim by saying that petitioner could just change parole plans after being found suitable. This is the cart before the house reasoning. If petitioner hypothetically had the means to make viable parole plans to a county void of resource for a life prisoner then there would be no need to challenge the constitutionality of Penal Code § 3001.

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pg. 6 & 7 Line(s) 23 –25 & 1 - 8

Reference:  HC 5267 habeas corpus at Ground Seven: Claim and Contentions.

emil ekdahl                          Page 20                     August 23, 2006

1  Emil Ekdahl.....
   P.O.Box C-79199 ...
2  CSP-S.Q.
   San Quentin, CA 94974
3
   .
4

5

6              APPELLATE COURT FOR THE STATE OF CALIFORNIA

7                  FIRST DISTRICT COURT OF APPEAL.

8

9  EMIL EKDAHL,                    |
10         *Petitioner*,           |              Case No.:
11      vs.                        |         Writ of Habeas Corpus
                                   |
12 The warden of ,San Quentin Prison |
   Robert Avers.                   |
13                                 |
14 _____*Respondent.*.___|_____

15
   TO THE HONORABLE COURT AND THE RESPONDENT IN THE ABOVE-
16
   ENTITLED;
17
         Comes Now: **Emil Ekdahl.**
18

19
   DATED: **August 28, 2006.**
20
                                        **Respectfully submitted,**
21

22

23                                      _____*Emil Ekdahl*_____

24                            —         Emil Ekdahl
                                        *Plaintiff In pro. se*
25