# EXHIBIT H
# (PART 1 OF 2)

S148374

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re EMIL EKDAHL on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

MAY 1 6 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

Name **EMIL EKDAHL**

Address **P.O. Box C-79199.  #2N30-U.**

**San Quentin State Prison of California.**

**San Quentin, CA. 94964.**

CDC or ID Number **C-79199.**

MC-275

SUPREME COURT
**FILED**

NOV 27 2006

Frederick K. Ohlrich Clerk

DEPUTY

RECEIVED
NOV 18 2006
FRK SUPREME COURT

## SUPREME COURT OF THE STATE OF CALIFORNIA.

*(Court)*

---

**Emil Ekdahl,        pro per ...**
Petitioner

VS.

**San Quentin Warden Robert Avers**
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____ S1 400 1
*(To be supplied by the Clerk of the Court)*

**RECEIVED**

NOV 27 2006

CLERK SUPREME COUR'

---

### INSTRUCTIONS - READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

---

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of th California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

---

For Approved by the Judicial
Council of California MC-275
(Rev. January 1, 1999)     **PETITION FOR WRIT OF HABEAS CORPUS**     Penal code, § 1473 et. Seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☒ A conviction                    ☒ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison Discipline

☒ Other (specify):  Parole Hearing before the Board of Prison Terms.

1. Your name:  Emil Ekdahl.

2. Where are you incarcerated?  San Quentin State prison of California U.S.A.

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

Answer subdivisions a. Through i. To the best of your ability.

a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon")

   One count of use of a weapon during a robbery.  Two counts of robbery.

   One count of accomplice to Second Degree Felony murder Theory.

b. Penal or other code sections:  § 12022 (1981 era statute),  § 211,  § 31,

   § 189,  § 190.

c. Name and location of sentencing or committing court:  Monterey County Superior Court located at

   240  Church Street.  P.O. Box 1819.  Salinas, CA. 93902.

d. Case number:   CR-9938 & CR-9942

e. Date convicted or committed:   December 14,  1983.

f. Date sentenced:  January 05,  1984.

g. Length of sentence:  Sixteen Years To Life.

h. When do you expect to be released?   2006.

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No.  If yes, state the attorney's name and address:

   James H. Newhouse.   Attorney at Law. 631 Arrego Street, Monterey, CA. 93940.

4. What was the LAST plea you entered? (check one)

   ☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?
   ☐ Jury ☒ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

6.  GROUNDS FOR RELIEF

Ground 1:  State briefly the grounds on which you base your claim for relief.  For example, "the trial court imposed an illegal enhancement."  (If you have additional grounds for relief, use a separate page for each ground.  State ground w on page four.  For additional grounds, make copies of pare four and number the additional grounds in order.)

**See attached points and authorities in support of the petition for writ of habeas corpus**

a.   Supporting facts:

Tell your story briefly without citing cases or law.  If you are challenging the legality of your conviction, describe the fact upon which your conviction is based.  *If necessary, attach additional pages.*  CAUTION: You must state facts, not conclusions.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See in re Swain (1949) 34 Cal.2nd 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where).  (If available, attach declarations relevant records, transcripts, or other documents supporting your claim.)

**See attached points and authorities in support of the petition for writ of habeas corpus.**

b.   Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

**See points and authorities in support of the petition for writ of habeas corpus**

7.   Grounds 2 or Ground _____ (If applicable):

**See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

   a.   Supporting facts:

   **See points and authorities in support of the petition for writ of habeas corpus.**

   b.   Supporting cases, rules, or other authority:

   **See points and authorities in support of the petition for writ of habeas corpus.**

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes ☐ No. If yes, give the following information.

   a. Name of curt ("Court of Appeal" or "Appellate Dept. Of Superior Court"):

   Court of Appeal, First District , Division Four.

   b. Result: Judgement Affirmed     c Date of decision: April 29, 1985.

   c. Case number or citation of opinion, if known: A025812 (CR-9938 & CR-9942)

   d. Issues raised: (1) Unknown

   (2) _____

   (3) _____

   f. Were you represented by counsel on appeal? ☒ Yes ☐ No. If yes, state the attorney's name and address, if known:

   Mr. Gardner. 900 North Point. Apt. # 450. San Francisco, CA. 94109.

9. Did you seek review in the California Supreme Court?  ☒ Yes ☐ No. If yes, give the following information.

   a. Result: Review Denied.     b Date of decision: July 17, 1985.

   b. Case number or citation of opinion, if known: A025812 (CR-9938 & CR-9942)

   c. Issues raised: (1) Unknown.

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did make on appeal, explain why the claim was not made on appeal:

   Ineffective Aid of Counsel on Appeal.

   _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious.  (See In re Muszalski (1975) 52 Cal. App. 3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   No administrative remedies available from the Board of Prison Hearings.

   No known administrative review for the Innocent Claim or the Illegal Sentence Claim.

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No. *** Not Applicable

   Attach document that show you have exhausted your administrative remedies

12. Other than direct appeal, have you filed any other petition, application, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1)   Name of court:  _California Supreme Court._

(2)       Nature of proceeding (for example, "habeas corpus petition"):  _habeas corpus petition._

(3)       Issues raised: (a)  _Sixth Amendment Right to a Jury Trial._

(b)  _Eighth Amendment Right to Proportional Sentence by the Board of Prison Hearings._

(4)       Result (Attach order or explain why unavailable):  _Summarily Denied Review.   Lost._

(5)       Date of decision:  _August 09, 2000._

b. (1)   Name of court:  _California Supreme Court._

(2)       Nature of proceeding (for example, "habeas corpus petition"):  _writ of habeas corpus petition._

(3)       Issues raised: (a)  _New Evidence in Co-Defendant's Trial Transcripts._

(4)       Result (Attach order or explain why unavailable):  _Summarily Denied Review as being Time Barred_         _._

(5)       Date of decision:  _February 32, 2000.  Lost. S084090._

**b.** For additional prior petitions, applications, or motions, provide the same information on a separate page.

**c.  See Attached page for 13 c.**

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_N/A._

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (see in re Swain (1949) 34 Cal.2d 300, 304)

_For the two Claims of Innocence and Illegal Sentence, petitioner believes there is no Time_
_Bar, or Delay for Constitutional Relief._

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstance justifying an application to this court:

_Not Applicable._

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true

Date: _November 21, 2006._                    _Emil Ohdahl_
                                        (SIGNATURE OF PETITIONER)

Name **EMIL EKDAHL** _____                                      MC-275

Address  **P.O. Box C-79199.  #2N30-U.** _____

 **San Quentin State Prison of California.** _____

**San Quentin, CA. 94964.** _____

CDC or ID Number  **C-79199.** _____

## SUPREME COURT OF THE STATE OF CALIFORNIA.

*(Court)*

| | |
|---|---|
| **Emil Ekdahl,      pro per ...** _____ <br> Petitioner <br><br>                VS. <br> **San Quentin Warden Robert Avers** <br> Respondent | **PETITION FOR WRIT OF HABEAS CORPUS** <br><br> No. _____ <br> (To be supplied by the Clerk of the Court) |

### INSTRUCTIONS - READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed.  You should exercise care to make sure all answers are true and correct.  Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies.
- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193.  You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of th California Rules of Court [as amended effective January 1, 1999].  Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

| | | |
|---|---|---|
| For Approved by the Judicial <br> Council of California MC-275 <br> (Rev. January 1, 1999) | **PETITION FOR WRIT OF HABEAS CORPUS** | Penal code, § 1473 et. Seq.; <br> Cal. Rules of Court, rules 56.5, 201(h) |

This petition concerns:

☒ A conviction                    ☒ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison Discipline

☒ Other (specify): __Parole Hearing before the Board of Prison Terms.__

1.  Your name: __Emil Ekdahl.__

2.  Where are you incarcerated? __San Quentin State prison of California U.S.A.__

3.  Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

    Answer subdivisions a. Through i. To the best of your ability.

    a.  State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon")

        __One count of use of a weapon during a robbery. Two counts of robbery.__

        __One count of accomplice to Second Degree Felony murder Theory.__

    b.  Penal or other code sections: __§ 12022 (1981 era statute), § 211, § 31,__

        __§ 189, § 190.__

    c.  Name and location of sentencing or committing court: __Monterey County Superior Court located at__

        __240 Church Street. P.O. Box 1819. Salinas, CA. 93902.__

    d.  Case number: __CR-9938 & CR-9942__

    e.  Date convicted or committed: __December 14, 1983.__

    f.  Date sentenced: __January 05, 1984.__

    g.  Length of sentence: __Sixteen Years To Life.__

    h.  When do you expect to be released? __2006.__

    i.  Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

        __James H. Newhouse. Attorney at Law. 631 Arrego Street, Monterey, CA. 93940.__

4.  What was the LAST plea you entered? (check one)

    ☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other:

5.  If you pleaded not guilty, what kind of trial did you have?
    ☐ Jury ☒ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the grounds on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground w on page four. For additional grounds, make copies of pare four and number the additional grounds in order.)

### See attached points and authorities in support of the petition for writ of habeas corpus

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the fact upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See in re Swain (1949) 34 Cal.2nd 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations relevant records, transcripts, or other documents supporting your claim.)

### See attached points and authorities in support of the petition for writ of habeas corpus.

b.  Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

### See points and authorities in support of the petition for writ of habeas corpus

7.  Grounds 2 or Ground _____ (If applicable):

**See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

   a.  Supporting facts:

   **See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

   b.  Supporting cases, rules, or other authority:

   **See points and authorities in support of the petition for writ of habeas corpus.**

_____

_____

_____

IV.

8.  Did you appeal from the conviction, sentence, or commitment?    ☒ Yes  ☐ No.  If yes, give the following information.

   a.  Name of curt ("Court of Appeal" or "Appellate Dept. Of Superior Court"):

       Court  of Appeal, First District , Division Four.

   b.  Result: __Judgement Affirmed_____  c  Date of decision:  April 29, 1985.

   c.  Case number or citation of opinion, if known:  A025812  (CR-9938 & CR-9942)

   d.  Issues raised: (1)  Unknown

       (2) _____

       (3) _____

   f.  Were you represented by counsel on appeal? ☒ Yes  ☐ No.  If yes, state the attorney's name and address, if known:

       Mr. Gardner.  900 North Point.  Apt. # 450.  San Francisco, CA. 94109.

9.  Did you seek review in the California Supreme Court?    ☒ Yes  ☐ No.  If yes, give the following information.

   a.  Result:  Review Denied._____  b  Date of decision:  July  17,  1985.

   b.  Case number or citation of opinion, if known: A025812  (CR-9938 & CR-9942)

   c.  Issues raised: (1)  Unknown.

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did make on appeal, explain why the claim was not made on appeal:

       Ineffective Aid of Counsel on Appeal.

       _____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious.  (See In re Muszalski (1975) 52 Cal. App. 3d 500 [125 Cal. Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

       No administrative remedies available from the Board of Prison Hearings.

       No known administrative review for the Innocent Claim or the Illegal Sentence Claim.

       _____

       _____

       _____

       _____

   b.  Did you seek the highest level of administrative review available? ☐ Yes.  ☐ No.   *** Not Applicable

       Attach document that show you have exhausted your administrative remedies

12. Other than direct appeal, have you filed any other petition, application, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1)    Name of court:  California Supreme Court.

     (2)        Nature of proceeding (for example, "habeas corpus petition"):  habeas corpus petition.

     (3)        Issues raised: (a) Sixth Amendment Right to a Jury Trial.

          (b)  Eighth Amendment Right to Proportional Sentence by the Board of Prison Hearings.

     (4)        Result (Attach order or explain why unavailable): Summarily Denied Review.   Lost.

     (5)        Date of decision:  August 09, 2000.

   b. (1)    Name of court:  California Supreme Court.

     (2)        Nature of proceeding (for example, "habeas corpus petition"):  writ of habeas corpus petition.

     (3)        Issues raised: (a)  New Evidence in Co-Defendant's Trial Transcripts.

     (4)        Result (Attach order or explain why unavailable): Summarily Denied Review as being Time Barred                        .

     (5)        Date of decision:  February 32, 2000. Lost. S084090.

**b.** For additional prior petitions, applications, or motions, provide the same information on a separate page.

**c. See Attached page for 13 c.**

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

     N/A.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (see in re Swain (1949) 34 Cal.2d 300, 304)

     For the two Claims of Innocence and Illegal Sentence, petitioner believes there is no Time

     Bar, or Delay for Constitutional Relief.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:


17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstance justifying an application to this court:

     Not Applicable.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true

Date:
                                                    _____
                                                    (SIGNATURE OF PETITIONER

**ATTACHMENT 13. C.**

**13. c. (1)** Name of Court:  Monterey County Superior Court.  Salinas, California.

**(2)** Nature of Proceeding:  petition for writ of habeas corpus # HC 5267          .

**(3)** Issues raised:

**(a)**    The ' some evidence test ' is insufficient as a test to protect petitioner's due process rights due in a parole hearing.

**(b)**    Prison Officials are forcing their religion of AA on petitioner as a condition of parole suitability in violation of the right to separation of Church and State religious freedom.

**(c)**    BPH did not send P.C. § 3042 notice to trial attorney in violation of Due Process.

**(d)**    The BPH used illegal and unreliable evidence in a parole hearing, which resulted in arbitrary and capricious hearing in violation of Due Process.

**(e)**    The BPH in denying parole with denial reason # 11, violated petitioner's due process of law rights pursuant to Ca. Penal Code § 5011, under the California and Federal Constitutional clauses, and including the relevant due process claims of a right to a defense, and Ineffective Aid of Counsel at trial.

**(f)**    Petitioner has an illegal sentence, in violation of the applicable clauses of either the California of Federal Constitutions, as 2nd degree felony murder for one of the felonies enumerated in Penal Code § 189 is usurpation of legislative power by the California Supreme Court.

**(g)**    Penal Code § 3001 is unconstitutional

1

**ATTACHMENT 13 c**

2

**CONTINUED.**

3

4   (4) Result:  Exhibit Attachment  ~~B:~~ °A: Mo. Co. Sp. Ct. Summery  Denial Order # HC 5267.

5   (5) Date of Decision:  July 21, 2006.

6   ///

7   ///

8   ///

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# FACTS.

On January 24, 2006 ., petitioner filed a petition for writ of habeas corpus in Monterey County   Superior Court.  The writ was given the file number of  HC 5267.

The writ raised seven grounds for relief:

1.    The  ' some evidence test ' is insufficient as a test to protect petitioner's due process rights due in a parole hearing.

2.    Prison Officials are forcing their religion of AA on petitioner as a condition of parole suitability in violation of the right to separation of Church and State religious freedom.

3.    BPH did not send P.C. § 3042 notice to trial attorney in violation of Due Process.

4.    The BPH used illegal and unreliable evidence in a parole hearing which resulted in arbitrary and capricious hearing in violation of Due Process.

5.    The BPH in denying parole with denial reason # 11, violated petitioner's due process of law rights pursuant to Ca. Penal Code § 5011, under the California and Federal Constitutional clauses, and including the relevant due process claims of a right to a defense, and Ineffective Aid of Counsel at trial.

6.    Petitioner has an illegal sentence, in violation of the applicable clauses of either the California of Federal Constitutions, as 2nd degree felony

ι

1

## FACTS.

2

3    7.    murder for one of the felonies enumerated in Penal Code § 189 is

4          usurpation of legislative power by the California Supreme Court.

5    8.    Penal Code § 3001 is unconstitutional.

6

7    On March 23, 2006., the Monterey Count Superior Court issued an ORDER to

8    extend time

9    which to respond to petitioner's writ 60 days from March 23, 2006.

10   See Exhibit Attachment ɑ A-9 Court Order CRCR 4.551(h).

11

12   On July 21, 2006., the Monterey County Superior Court Judge the Honorable

13   Marla O. Anderson issued an ORDER to summarily deny six of petitioner's seven

14   grounds for relief.  For the 2nd ground of the writ the Court found that a *prima facie*

15   showing was made, and issued an informal response order.

16   See Exhibit Attachment ɑ A  Summery Denial Order., pp. 1 - 7 line(s)

17   ///

18   ///

19   ///

20

21

22

23

24

25

## UPDATED TABLE OF CONTENTS

Petition for writ of habeas corpus MC-275 ............................ pp. I -VIII

Updated Facts covering procedural history of said habeas ........ pp. i-  ii

Table of Contents ............................................................ pp.     Iii

Table of Authorities ........................................................ pp. iv - vi

Table of Exhibits ............................................................ pp.     vii

Rebuttal to Superior Courts Denial Order Supplemental Arguments ... pp. 1- 20

Facts original facts of said habeas .................................... pp. 1-  5

Habeas Corpus Grounds Ground One .................................. pp. 6- 27

Habeas Corpus Grounds Ground Two .................................. pp. 38-41

Habeas Corpus Grounds Ground Three ................................ pp. 42-45

Habeas Corpus Grounds Ground Four ................................. pp. 46-47

Habeas Corpus Grounds Ground Five .................................. pp. 48-53

Habeas Corpus Grounds Ground Six ................................... pp.     54

Habeas Corpus Grounds Ground Seven ................................ pp.     55

Verification ................................................................... pp.     56

Prayer for Relief ............................................................ pp.     57

///

///

///

# TABLE OF AUTHORITIES.

California Constitution

United States Constitution

California Penal Code Statue    § 12(6)(8)

California Penal Code Statue    § 31

California Penal Code Statue    § 189

California Penal Code Statue    § 190

California Penal Code Statue    § 211

California Penal Code Statue    § 3001

California Penal Code Statue    § 3041

California Penal Code Statue    § 3042

California Penal Code Statue    § 5011

California Penal Code Statue    § 12022

Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed. 2d. 435]

Ag. Lb. Rl. Bd. v. Sup. Ct. (1976) 16.Cal. 3d. 392 [128 Cal. Rptr. 183]

Cal. Ed. Fac. Authority v. Priest (1974) 12 Cal. 3d. 593, 605 [116 Cal. Rptr. 361]

Coleman (2005) No. 96-0783 LKK PAN slip op. At nine.

Ex parte Andrews (1861) 18 Cal. 679

Fem. Wom. V. Philibosan (1984) 157 Cal. App. 3d. 1076, 1092 [203 Cal. Rptr. 918]

Fox v. City of L.A.(1978) 22 Cal. 3d. 792 [150 Cal. Rptr. 876]

Flanders v. Graves (2002 8th Cir.) 299 F.3d. 924]

Kerr v. Farrey (1996 7th Cir.) 95 F. 3d. 472

In re Powell (1988) 45 Cal. 3d. 894, 902 [248 Cal. Rptr. 431]

# TABLE OF AUTHORITIES.

In re Ramirez (2001) 94 Cal. App. 4th 549 [114 Cal. Rptr. 2d. 381]

In re Rosenkrantz (2002) 29 Cal. 4th 616, 658 fn. # 12 [128 Cal. Rptr. 2d. 104]

In re Scott (2004) 119 Cal. App. 4th 573 [15 Cal. Rptr. 3d. 32]

In re Scott (2005) 133 Cal. App. 4th 573 [34 Cal. Rptr. 3d 905]

In re Shaputis (2005) 135 Cal. App. 4th 217 [37 Cal. Rptr. 3d. 324]

In re Smith (2003) 109 Cal. App. 4th 489 [134 Cal. Rptr. 2d. 781]

In re Sydney M. (1984) Cal. App. 3d. 39, 48 [208 Cal. Rptr. 378]

Irons v. Cal. St. Pr. Solono (2005 E.D. Cal.) 358 F. Supp. 2nd 936, 937 Fn. # 12

Jancsek v. Oregon (1987 9th Cir.) 833 F. 2d. 1389, 1390.

Martin v. Marshall (2006 E.D. Cal.) No. 05-3486 MHP

McQuillon v. Duncan (2002 9th Cir.) 306 F. 3d. 895, 901 – 904.

Mejia v. Reed (2003) 31 Cal. 4th 657, 663 [3 Cal. Rptr. 3d. 390]

People v. Aris (1989) 215 Cal. App. 3d. 1178, 1195 [264 Cal. Rptr. 167]

People v. Burroughs (1984) 35 Cal. 3d. 829 [201 Cal. Rptr. 319]

People v. Castenada (2000) 23 Cal. 4th 743, 746 – 747 [97 Cal. Rptr. 2nd 906]

People v. Cochran (2002) 103 Cal. App. 4th 8, 13 [126 Cal. Rptr. 2d. 416]

People v. Dannenberg (2005) 34 Cal. 4th 1060, 1083 [23 Cal. Rptr. 2d. 653]

People v. Dillon (1983) 34 Cal. 3d. 441 [194 Cal. Rptr. 390]

People v. Duvall (1995) 9 Cal. 4th 464, 474 [37 Cal. Rptr. 2d 259]

People v. Ford (1964) 60 Cal. 2nd. 7721 [36 Cal. Rptr. 620]

People v. Hansen (1994) 9 Cal. 4th 300 [36 Cal. Rptr. 609]

People v. Horning (1984) 150 Cal. App. 3d. 1015, 1017 – 1018 [198 Cal. Rptr. 384]

1

# TABLE OF AUTHORITIES

2

3  People v. Horning (2005) 34 Cal. 4th 871 [22 Cal. Rptr. 3d. 305

4  People v. Pitmon (1985) 170 Cal. App. 3d. 38, 51 [216 Cal. Rptr. 221]

5  People v. Pope (1979) 23 Cal. 3d. 412, 427 [152 Cal. Rptr. 732

6  People v. Robles (2000) 23 Cal 4th 1106, 1111 [99 Cal. Rptr. 2d. 120]

7  U.S. Nixon (1974) 418 U.S. 683 [41 L.Ed. 2d. 1039

8  ///

9  ///

10  ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        **UPDATED TABLE OF EXHIBITS.**

2

3    **aA:** MoCo. Sup. Ct Denial Order for habeas corpus writ No. HC-5267    pp. 1  -  9

4    **A:** 2005 BPH Parole Hearing Transcripts                             pp. 1  - 14

5    **B:** 2005 BPH Denial Transcripts                                     pp. 15 - 20

6    **C:** Detective Sonne's Letter dated March 06, 1991                   pp. 1  -  7

7    **D:** Probation Officers Report (POR)                                 pp. 1  -  7

8    **E:** Trial Court Sentencing Transcripts                             pp. 1  —  6.

9    **F:** 2002 BPT Denial Transcripts                                     pp. 33 – 37

10   **G:** Monterey County District Attorney § 3042 reply letter         pp.        1

11   **H:** 2003 BPT Denial Transcripts                                     pp. 62 - 70

12   **I:** Dr. Lewis's Life Prisoner Psychological Report                pp. 1  -  5

13   **J:** Dr. Bencichs's Life Prisoner Psychological Report             pp. 1  -  3

14   **K:** BPH Waiver Forms (#1001A Rev. 10/89) for 2005 parole hearing   pp. 1  -  8

15   **L:** New York Times article dated Oct. 02, 2005 Internet download   pp. 1  -  9

16   **M:** California Supreme Court Denial Order No. S117967 Apr. 21, 2004 pp.        1

17   **N:** Correctional Counselor Life Prisoner Evaluation Report         pp. 1  -  8

18   **O:** Alcoholism excerpted from 'Life Extensions" ISBN: o-446-37683-3 pp.        1

19   **P:** Article of the CCPOA an Internet Download                      pp. 1  -  4

20   **Q:** CDC&R form RFI sent to C&PR at San Quentin                     pp.        1

21   **R:** 602 Administrative Appeal filed by petitioner on Mar. 14, 2005 pp. 1  -  4

22   **S:** BPH Life Prisoner Parole Consideration Worksheet of 2005 hearing pp. 1  -  5

23   **T:** BPH memo's detailing whom received a Penal Code § 3042 notice  pp. 1  -  4

24   **U:** BPH memo stating that a § 3042 notice was not sent to petitioner's trial

25   attorney because the Board of Prison terms does not know his name or address.

1  **REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

2  **SUPPLEMENTAL ARGUMENT TO GND. # 1**

3  **THE SUPERIOR COURT ERRED.**

4

5

6  The Monterey County Superior Court denied Ground One of petition for writ of

7  habeas corpus HC 52 67 dated July 21, 2006.

8

9  In said petition, Ground One Petition raised the claim questioning and arguing, that

10  the so called "some evidence test" used by the California courts reviewing of the Board

11  of Prison Terms parole unsuitability determinations, is as a reviewing test insufficient to

12  protect petitioner's California and Federal due process rights.

13

14  The superior Court denied Ground One by application of the "some evidence test".

15  The Court found "some evidence" to deny Ground One. The Court never addressed the

16  validity question about the constitutional insufficiency of the "some evidence test."

17

18  Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp.  1 - 3; specifically pg.

19  2  Line(s) 17 - 23.

20  Reference:  HC 5267 habeas corpus at Ground One.

21

22

23

24

25

emil ekdahl                     Page 1                     August 23, 2006

1                            **SUPPLEMENTAL ARGUMENT TO GND. # 1**

2                            **THE SUPERIOR COURT ERRED.**

3

4       Petitioner contends that the Superior erred in denying the claims presented in

5 Ground One because the Court did not address the actual arguments raised.

6

7       The actual argument raised challenged the constitutional sufficiency of the so

8 called, "some evidence test." The Court erred because the question before it was not

9 whether "some evidence" existed, but whether the actual "some evidence test" itself

10 was sufficient to protect petitioner's rights.

11

12       Petitioner concedes to, as a pro per litigant, his argument in the contention portion

13 of Ground One strays somewhat. But the Constitutional Claim raised as Ground One is

14 clear. For example, some of the 'contentions' raised in Ground One should have been

15 raised as separate Constitutional Grounds for Relief.

16

17 Reference:   HC 5267 habeas corpus at Ground One: Claim and Contentions.

18

19       Petitioner believes that a challenge to the constitutional sufficiency of the "some

20 evidence test" must also challenge the validity of the Board's unsuitability

21 determinations otherwise petitioner would not have standing in the first place.

22

23       Petitioner contends that the "some evidence test" is insufficient and the Board did

24 not have "some evidence" to support its parole unsuitability determinations.

25

emil ekdahl                   Page 2                  August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 1

2

## THE SUPERIOR COURT ERRED.

3

4 In re Scott (2004) 119 Cal. App. 4th 573 [15 Cal. Rptr. 3rd. 32]

5 In re Shaputis (2005) 135 Cal. App. 4th. 217 [37 Cal. Rptr. 3rd. 324]

6 Irons v. Cal. St. Pr. Solono (2005 Ed. Cal.) 358 F. Supp. 2nd. 936, 947 fn. #12

7

8      Petitioner's claim and contentions are mentioned in footnote # 12 of the

9 Rosenkrantz case law. Where at least in question, of the federal aspect of petitioner's

10 claim in Ground One is referred to. The Rosenkrantz Court noted that the question of

11 whether the "some evidence test" is sufficient enough to protect the Federal due

12 process requirements has not been addressed because Rosenkrantz did not raise the

13 "more stringent standard of review" claim.

14

15 In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 fn. # 12 [128 Cal. Rptr. 2nd. 104]

16

17      Petitioner's claim in Ground One, in the Federal context does claim via the "some

18 evidence test" being insufficient that the Federal Constitution requires a more stringent

19 test for the reviewing courts to use when testing the Boards parole unsuitability

20 determinations.

21

22      Petitioner has furthered this claim by contending the California Constitution's due

23 process requirements also demand a more stringent standard of review for the courts to

24 test the propriety of the Board's unsuitability determinations.

25

emil ekdahl                    Page 3                    August 23, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# SUPPLEMENTAL ARGUMENT TO GND. # 1

## SUPERIOR COURT ERRED.

In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 fn. # 12 [128 Cal. Rptr. 2nd. 104]

McQuillon v. Duncan (2002 9th Cir.)  306 F. 3rd. 895, 901 - 904.

Petitioner also contends the Superior Court erred in denying Ground One because when the Court applied the "some evidence test' it did so without first issuing a "show cause order". The "some evidence test" establishes the Courts to review the Board's unsuitability determinations with something more than a per curium review. The "some evidence test" actually establishes the prima facie showing. This is because of what the Rosenkrantz Court said about the "some evidence test" to the reviewing courts. The Rosenkrantz Court directed any reviewing court when applying the "test:

> " If the decision's considerations of the specified factors is not supported by some evidence in the and thus is devoid of a factual basis, the court should grant the prisoner's petition for writ of habeas corpus and should order the Board to vacate its decision denying parole and thereafter proceed in accordance with due process of law."

In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 ¶ # (4) [128 Cal. Rptr. 2nd. 104]

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp.  1 - 3.

Reference:   HC 5267 habeas corpus at Ground One: Claim and Contentions.

1

## SUPPLEMENTAL ARGUMENT TO GND. # 1

2

## SUPERIOR COURT ERRED

3

4      Thus a reviewing court cannot grant a habeas challenge to the Board's actions

5    without first issuing the show cause order. The very requirement that a reviewing court

6    conduct a "some evidence test" and grant relief, if due, predetermines the prima facie

7    showing.

8

9    In re Rosenkrantz (2002) 29 Cal. 4th. 616, 658 ¶ # (4) [128 Cal. Rptr. 2nd. 104]

10

11      The Superior Court also erred in concluding there was "some evidence to support

12    their unsuitability determinations. The Boards decision was predetermined and carried

13    out in support of an illegal no parole policy in effect by the Schwarzenegger

14    administration.

15      For example the Superior Court concluded that the Board had used petitioner's

16    current and past depression to deny parole. When in fact the Board did not depression.

17    The Board never used any such parole unsuitability determination to deny parole.

18    Hypothetically speaking if the Board had used depression as a reason to deny parole,

19    they would have violated petitioner's ADA rights

20

21    Reference Attachment Ex. aA: MoCo. Sp. Ct. Denial Order pg. 2 Line(s) 20.

22    Reference Ex. B of habeas HC 5267; 2005 BPH Denial Trans pp. 15 - 20

23    Reference:   HC 5267 habeas corpus at Ground One: Claim and Contentions.

24    ///

25    ///

emil ekdahl                    Page 5                    August 23, 2006

1          **REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

2            **SUPPLEMENTAL ARGUMENT TO GND. # 2**

3               **THE SUPERIOR COURT ERRED.**

4

5        The Monterey County Superior Court partially denied some of the contentions in

6   Ground Two of said petition. However, the Court also found a prima facie showing was

7   made for one of the contentions of Ground Two. Accordingly, the Superior Court Ordered

8   an Informal Response to be made from the California Attorney General concerning this

9   claim.

10

11   Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp.  3 - 4 Line(s) 3 - 25 & 1 -

12   6.

13   Reference:   HC 5267 habeas corpus at Ground Two: Claim and Contentions.

14

15       Petitioner contends that the Superior Court erred in denying the contentions of

16   Ground Two - at least the contentions that the Court did not order an informal response

17   too. Because of the Superior Courts informal response petitioner hereby motions the

18   Appellant Court, here and within the Prayer for Relief, to grant a stay of the contentions of

19   Ground Two of said habeas HC 5267

20

21   Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp.  3 - 4 Line(s) 3 - 25 & 1 -

22   6.

23   Reference:   HC 5267 habeas corpus at Ground Two: Claim and Contentions.

24   ///

25   ///

emil ekdahl                    Page 6                    August 23, 2006

**REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

**SUPPLEMENTAL ARGUMENT TO GND. # 3**

**THE SUPERIOR COURT ERRED.**

The Monterey County Superior Court denied Ground Three of petition for writ of habeas corpus HC 52 67 dated July 21, 2006.

In said petition, Ground Three raised the due process claim that pursuant to California Penal Code § 3042; a notice shall be sent to the attorney who represented petitioner at trial. The attorney who represented petitioner at trial was James Newhouse. In petitioner's 2005 parole, hearing the Board failed to send a § 3042(A) notice to Mr. Newhouse. The Board admitted it did not send a notice to Mr. Newhouse on a BPH Memorandum. The Board said in the memo that the reason they did not send a § 3042(A) notice to Mr. Newhouse was because they did not know his address.

The memo was attached to said petition for writ of habeas corpus as Exhibit **S:**

Reference Ex. **S:** of habeas HC 5267; BPH/CDC&R memo of unknown Trail Attorney Address.

The Superior Court denied Ground Three by ordering three reasons:

1) The § 3042(A) notice does not apply as petitioner waived his BPH appointed attorney, implying that this attorney should receive it instead.

2) Petitioner failed to demonstrate any harm from the BPH's failure to send a § 3042 notice to the trial attorney.

1
2

## SUPPLEMENTAL ARGUMENT TO GND. # 3

## THE SUPERIOR COURT ERRED.

3

4       3) Petitioner failed to state a claim for relief on this Ground Three.

5

6       Petitioner Contends the Superior Court erred in denying Ground Three

7      because it is immaterial as to whether petitioner waived the attorney that the Board

8      tried to appoint to him. The California Penal Code statue § 3042(A) calls for the

9      notice to be sent to:

10

11      " … The attorney who represented the defendant at trial…"

12

13  California Penal Code Statue § 3042(A) quoted in relevant part.

14

15      Thus, the rule of case law covering statutory interpretation applies. The Courts when

16  discerning a statue look to the words of the statue itself. The words are given their usual

17  and ordinary meaning. § 3042(A) 's words are clear as to which attorney the Board should

18  send a notice to: " the attorney who represented the defendant at trial."

19

20  People v. Castenada (2000) 23 Cal. 4th 743, 746 - 747 [97 Cal. Rptr. 2nd. 906 ]

21  People v. Robles (2000) 23 Cal. 4th 1106, 1111 [99 Cal. Rptr. 2nd. 120 ]

22
23
24
25

1          **SUPPLEMENTAL ARGUMENT TO GND. # 3**

2          **THE SUPERIOR COURT ERRED.**

3

4          The statues intend can be further construed in light of its legislative history. In 1982,

5     the California legislature specifically modified Penal Code § 3042(A) from the former

6     Phrase:

7                    " ...The attorney for the defendant..."

8

9     Former California Penal Code Statue § 3042(A) 1981 era...

10

11          To the current Penal Code § 3042(A) reading of the phrase:

12

13                  " ... The attorney who represented who represented the defendant at trial..."

14

15     California Penal Code § 3042(A) 2006.

16

17          The 1982 California legislature specifically modified this above phrase from former

18     Penal Code § 3042(A) following the Attorney Generals issuing of Opinion number 64. The

19     64 Opinion held that once the Board sent notice to the attorney that the Board appointed

20     to represent the prisoner then the notification requirements of § 3042(A) were meet. The

21     Opinion 64 based this interpretation upon the former phrase: " ...the attorney for the

22     defendant..."

23

24     64 Ops. Atty. Gen. 882 December 22, 1981.

25

1
2

## SUPPLEMENTAL ARGUMENT TO GND. # 3
## THE SUPERIOR COURT ERRED.

3

4        However, the 1982 California legislature did not want the Board to notify the

5    prisoner's attorney appointed to represent him years later in a parole suitability hearing.

6    The legislature wanted the Board to notify the attorney who represented the prisoner at

7    trial. The legislature wanted the trial attorney notified because he would have unique

8    insight into the case and the personality of the prisoner. The legislature wanted the

9    prisoner to have a source of mitigating evidence because all the other officials the statue

10   requires notification of are mainly a source of aggravating evidence. The prisoner should

11   be allowed some things to be on his side in the adversarial parole hearing process. So

12   the legislature modified the statue to a clear and plain meaning send a notice to the

13   attorney who represented the attorney at trial.

14

15   Mejia v. Reed (2003) 31 Cal. 4th. 657, 663 [3 Cal. Rptr. 3rd. 390]

16

17       Petitioner contests the second prong of the Superior Courts denial of Ground Three.

18   In the 2nd prong the Court's denial said that petitioner failed to demonstrate any harm

19   from the Board failing to send the § 3042(A) notice to his trail attorney James Newhouse.

20   The contentions to this are the Board violated the due process of law of Penal Code §

21   3042(A), and the Board violated due process of law inherent in the regulation CCR Title

22   15 § 2402 subd. (b).  And that what more harm is needed to be demonstrated than the

23   Constitutional Rights of Due Process of Law were violated? Aside from that there is the

24   added harm of petitioner being cheated out of a source of mitigating evidence i.e. the

25

emil ekdahl                          Page 10                        August 23, 2006

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## SUPPLEMENTAL ARGUMENT TO GND. # 3

## THE SUPERIOR COURT ERRED.

Reply the trial attorney James Newhouse would have sent to the Board if the Board had notified him. This lack of notice from the trial attorney was most harmful because the Board relied so heavily upon the § 3042(A) notice/reply from the Monterey County District Attorney. Please see Ground Four supplemental argument where the Board postulated a whole theory and subsequent speculation built on the back of a statement from the D.A.'s reply letter after he received his § 3042(A) notice from the Board.

Petitioner contests the third prong of the Superior Courts denial of Ground Three. In the third prong the Court said petition failed to state a claim and quoted the Duvall case. Petitioner contends that Duvall cannot apply to the habeas proceedings challenging a BPH unsuitability determination. Duvall only applies to habeas proceedings where the prisoner is making a collateral attack upon the original conviction. While it is true, that petitioner has two claims of collateral attack; However, claims in Ground Three are Board attacks. The Court erred in using Duvall against a Board attack. It is also contended that in a habeas proceeding from a pro per litigant who is only trying to get a show cause order; the only proof of a claim is a prima facie showing not totally proven the claim before an attorney is appointed to argue the claims.  In addition, what more proof is needed to state a claim than a clear violation of Penal Code § 3042(A) by the Board.

People v. Duvall (1995) 9 Cal. 4th. 464, 474 [37 Cal. Rptr. 2nd. 259 ]

///

emil ekdahl                          Page 11                    August 23, 2006

1 | **REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

2 | **SUPPLEMENTAL ARGUMENT TO GND. # 4**

3 | **THE SUPERIOR COURT ERRED.**

4 |

5 | The Monterey County Superior Court denied Ground Four of petition for writ of habeas

6 | corpus HC 52 67 dated July 21, 2006.

7 |

8 | In said petition; Ground Four raised the Claim that the Board used a "Theory" as one

9 | of its unsuitability determination. And that the "Theory" was illegal, and illegal evidence

10 | which resulted in an arbitrary and capricious parole hearing in violation of Petitioner's due

11 | process of law rights.

12 |

13 | The Superior Court denied Ground Four because the Court said, "However, there is

14 | no evidence before the Court that the Board based its finding of unsuitability on mere

15 | speculation."

16 |

17 | Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pg. 4  Line(s) 15 – 21.

18 | Reference:  HC 5267 habeas corpus at Ground Four: Claim and Contentions.

19 |

20 | The Superior Court erred because while the Board did use multiple unsuitability

21 | determinations it only takes one illegal determination to turn the whole hearing into a

22 | violation of due process. One of the unsuitability determinations was a "Theory" and such

23 | kinds of evidence do not have any indicia of reliability.

24 |

25 | Jancsek v. Oregon Bd. Parole (1987 9th Cir.) 833 F.2d. 1389, 1390.

emil ekdahl                    Page 12                    August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 4

2

## THE SUPERIOR COURT ERRED.

3

4      The one illegal unsuitability determination of an unreliable "Theory" caused the

5 Board to further its reasoning to start speculating about:

6

7           "… Whether, he had more participation in the crime than he alleges…"

8

9 Reference Ex. **B:** of habeas HC 5267; 2005 BPH Denial Trans pg. 15 Line(s) 22 – 26.

10

11      Petitioner contends that this speculation by the Board about petitioner supposedly

12 having more participation in the offense is most damming and harmful. Especially in

13 consideration of the facts of the offense. Petitioner is convicted of being the Penal Code §

14 31 accessory/principle in a robbery turned to a murder, during the get away phase, where

15 his co-defendant shot the victim. Petitioner's other co-defendant threatened petitioner with

16 duress. This duress coupled with the fact petitioner was not the shooter, and a few other

17 factors lead the trial court to reduce the degree of offense from first-degree to second-

18 degree. The trial court used these factors to conduct a proportionality analysis following

19 Penal Code § 26(6)(8), and Dillon case law.

20

21 People v. Dillon (1983) 34 Cal. 3rd. 441 [194 Cal. Rptr. 390]

22

23      The Board speculation of more participation disregards the court found facts. The

24 Board substituted its "Theory," and subsequent speculations for the trial court degree

25 reducing powers and resentenced petitioner to life without the possibility of parole.

emil ekdahl                Page 13                August 23, 2006

1

2

## SUPPLEMENTAL ARGUMENT TO GND. # 4

## THE SUPERIOR COURT ERRED.

3

4          The harm caused by this action of the Board would in fact condemn petitioner to die

5    in prison. Because the Board will now be forever expecting petitioner to come forward and

6    speak with insight to the supposed: ". more participation than he alleges ."Moreover, all

7    this speculation by the Board is based upon the Boards findings of: "the inmate actually

8    got worse after the incident, [and] never turned anyone in,"

9          Petitioner concedes to the fact he never turned anyone in that fact is true.

10   Moreover, as a fact it is just that a fact of the gravity of the offense.  Use of the gravity of

11   the offense to deny parole has no predictive value, and therefore violates petitioner's due

12   process rights.

13

14   In re Scott (2004) 119 Cal. App. 4th 573 [15 Cal. Rptr. 3rd. 32]

15   In re Shaputis (2005) 135 Cal. App. 4th. 217 [37 Cal. Rptr. 3rd. 324]

16   Irons v. Cal. St. Pr. Solono (2005 Ed. Cal.) 358 F. Supp. 2nd. 936, 947 fn. # 2

17

18         Petitioner contends that the Board's use of judicially determined facts to increase the

19   normal parole rule of his sentence violates the holdings of Apprendi

20

21   Apprendi v. New Jersey (2000) 530 U.S. 466 [147 L.Ed 2d. 435]

22

23         Moreover, as contented in the original habeas petition, "Theories" do not have any

24   indicia of reliability.   The Board has had this theory a secret from the very first parole

25   hearing of petitioner.  BPH Commissioner Lee let the secret theory out of bag.

emil ekdahl                    Page 14                    August 23, 2006

1                 **SUPPLEMENTAL ARGUMENT TO GND. # 4**

2                      **THE SUPERIOR COURT ERRED.**

3

4      The same BPH Commission Lee who later was dismissed from the BPH for making

5 statements that were legally compromising the BPH's secret no parole police.  The secret

6 no parole police under orders from the California Governors Deukmejian to

7 Schwarzenegger

8

9 Martin v. Marshall (2006 E.D. Cal.) No. C 05-3486 MHP.

10 Coleman  No. 96-0783 LKK PAN, slip op. At nine.

11 Jancsek v. Oregon Bd. Parole (1987 9th Cir.) 833 F.2d. 1389, 1390.

12 ///

13 ///

14 ///

15

16

17

18

19

20

21

22

23

24

25

emil ekdahl                 Page 15                 August 23, 2006

1                    **REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

2                       **SUPPLEMENTAL ARGUMENT TO GND. # 5**

3                          **THE SUPERIOR COURT ERRED.**

4

5       The Monterey County Superior Court denied Ground Five of petition for writ of

6 habeas corpus HC 52 67 dated July 21, 2006.

7

8       Petitioner contends that the Superior Court erred in denying Ground Five of said

9 petition because the Court did not address the actual contentions or claims.

10

11       The Claim raised in Ground Five was as follows: the Board in six prior parole

12 hearings had pursuant to procedural due process requirements issued written

13 recommendations to petitioner.  The recommendations gave legal standings of what

14 petitioner needed to accomplish in order to become parole suitable in their eyes.

15 Petitioner has in fact completed every one of the Boards recommendations in regards to

16 prison programming of self-help, or therapy.  Therefore it is arbitrary for the 2005 Board to

17 conclude that petitioner did not have enough prison programming.

18

19 Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pp. 4 & 5 Line(s) 22 – 25. &

20 1 – 8.

21 Reference:  HC 5267 habeas corpus at Ground Five: Claim and Contentions.

22

23       Petitioner contends the six prior Boards recommendations violated petitioner's due

24 process rights because the recommendations were legally insufficient in instruction to

25 accomplish a parole suitability determination in the 2005-parole hearing. Or the 2005

1          **SUPPLEMENTAL ARGUMENT TO GND. # 5**

2               **THE SUPERIOR COURT ERRED.**

3

4    Board arbitrarily violated due process by not acknowledging that petitioner had achieved

5    completion of all prior Board recommendations in regards to self-help, or therapy.   Note

6    see Ground Two for self-help and therapy of Alcoholics Anonymous.

7    ///

8    ///

9    ///

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

**SUPPLEMENTAL ARGUMENT TO GND. # 6**

**THE SUPERIOR COURT ERRED.**

The Monterey County Superior Court denied Ground Six of petition for writ of habeas corpus HC 52 67 dated July 21, 2006.

In said petition, Ground Six raised the claim of having an illegal sentence.

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pg. 5 & 6 Line(s) 9 – 24 & 1 - 21.

Reference:   HC 5267 habeas corpus at Ground Six: Claim and Contentions.

Petitioner contends the Superior Court erred because it misconstrued the Ground Six as an "Improper Sentence" when in fact the claim was an illegal sentence.   Big difference.

The claim from Ground Six contended the California Supreme Court under Rose Bird erred in deciding People v. Dillon 34 Cal 3rd 441.  The Rose Bird Court created an illegal 2nd degree felony murder sentence.  Petitioner was sentenced by the Trial Court to the Dillon illegal 2nd degree sentence therefore petitioner's sentence is illegal.

The Bird Court erred in deciding Dillon because the Court only had the power under the California Constitution to determine if Dillon's sentence was disproportional.   The Supreme Court cannot invade the legislative sphere of power and super legislate into law an new 2nd degree sentence for a felony murder where the underlining felony is one of the

emil ekdahl                          Page 18                          August 23, 2006

1

## SUPPLEMENTAL ARGUMENT TO GND. # 6

2

## THE SUPERIOR COURT ERRED.

3

4   Felonies listed in Penal Code § 189.

5

6       The only power the Dillon Supreme Court had was to direct the Board of Prison

7   Terms to fix Dillon's sentence so the Court could then conduct a proportionality review.  If

8   the Court then found Dillon's sentence still disproportional, the Court could then order the

9   BPT to re-fix the sentence to a new lower term.  At that time the Court could conduct

10  another proportionality review.  It is conceivable that this process could cycle a few times

11  between the Supreme Court and the BPT before a proportional term was found suitable.

12

13      Thus petitioner contends his Trial Court erred not in a disproportional analysis , but

14  in passing an illegal sentence created by the Rose Bird Supreme Court over-stepping the

15  tri-partie Constitutional power boundaries to usurp the legislatures duties.

16

17  People v. Dillon (1983) 34 Cal. 3rd. 441 [194 Cal. Rptr. 390]

18

19  Reference Attachment Ex. **aA:** MoCo.  Sp. Ct. Denial Order pg. 5 & 6 Line(s) 9 – 24 & 1 -

20  21.

21  Reference:   HC 5267 habeas corpus at Ground Six: Claim and Contentions.

22  ///

23  ///

24  ///

25

emil ekdahl                     Page 19                    August 23, 2006

**REBUTTAL TO SUPERIOR COURT DENIAL ORDER.**

**SUPPLEMENTAL ARGUMENT TO GND. # 7**

**THE SUPERIOR COURT ERRED.**

The Monterey County Superior Court denied Ground Seven of petition for writ of habeas corpus HC 52 67 dated July 21, 2006.

In said petition, Ground Seven raised the claim of Penal Code § 3001 being unconstitutional because it places undue finical burden on petitioner to come up with parole plans to Monterey County. Petitioner does not have family or finical means to make viable parole plans that would be acceptable to the Board of Prison hearings in order to be found suitable for parole. The Board, the state, and the county do not have any resources available to help petitioner with viable parole plans: therefore, petitioner is condemned to die in prison because the Board demands the parole plans be submitted first before petitioner can be found suitable for parole.

The Superior Court erred because the Court denied the claim by saying that petitioner could just change parole plans after being found suitable. This is the cart before the house reasoning. If petitioner hypothetically had the means to make viable parole plans to a county void of resource for a life prisoner then there would be no need to challenge the constitutionality of Penal Code § 3001.

Reference Attachment Ex. **aA:** MoCo. Sp. Ct. Denial Order pg. 6 & 7 Line(s) 23 –25 & 1 - 8

Reference:   HC 5267 habeas corpus at Ground Seven: Claim and Contentions.

emil ekdahl                              Page 20                          August 23, 2006

1    Emil Ekdahl.....
     P.O.Box C-79199 ...
2    CSP-S.Q.
     San Quentin, CA 94974
3
     .
4
5
6              APPELLATE COURT FOR THE STATE OF CALIFORNIA
7                    FIRST DISTRICT COURT OF APPEAL.
8
9    EMIL EKDAHL,                        |
10          *Petitioner*,                |              Case No.:
11          vs.                          |         Writ of Habeas Corpus
12   The warden of ,San Quentin Prison   |
13   Robert Avers.                       |
                                         |
14          *Respondent..*
     _____
15
     TO  THE  HONORABLE  COURT  AND  THE  RESPONDENT  IN  THE  ABOVE-
16   ENTITLED;
17          Comes Now: **Emil Ekdahl.**
18
19   DATED: **August 28, 2006.**
20                                  **Respectfully submitted,**
21
22
23                                  _____*Emil Ekdahl*_____
24                                  Emil Ekdahl
25                                  *Plaintiff In pro. se*

FACTS.

1    The suitability hearing on July 01, 2005., was the 7th sub-

2  sequent parole hearing. The offense as listed below is taken from

3  the Probation Officer's Report (POR).

4    On October 18, 1981, at approximately 10:50 p.m., Soledad

5  Police responded to Pete's Shell (a service station and grocery

6  store) on South Front Street regarding an armed robbery which

7  had just occurred. Arthur Sandoval (17) was located behind the

8  station face down in a pool of blood; there was no pulse.

9  Victims Pamela Lewis (21) and Sal Montoya (19) stated that two

10  subjects with ski masks entered the store, ordered them to lay

11  down on the floor, took $13.00 from the cash register and ran

12  from the store. A short time later they heard two shots.

13    It should be noted that during the robbery Dario Bailon

14  (approximately age 30) and Sal Melchor (26) entered the store

15  to buy beer. They ignored the responsibles' demand that they

16  join the other individuals on the floor. The subjects were gone

17  by the time they returned to the counter with the beer. Bailon,

18  Melchor and his companion, Frank Garcia (17) remained at the

19  scene after the arrival of the police. Arthur Sandoval had

20  apparently been with them prior to the robbery.

21                   FACTS

22    The BPH found petitioner unsuitable for parole for the reason

23  s stated in the Denial Transcripts. Hereafter referred to as

24  denial reasons # 1 - 12. The denial reasons as taken from the

25  denial transcripts are listed below:

26

27      #1.) The offense was carried out in a cruel

28          callous manner.

1.

                              **FACTS.**

#2.)  Multiple victims were robbed and
      one person killed.


#3.)  Offense was carried out in a
      dispassionate manner or that the
      crime was inexplicable and very
      trivial in relationship to the
      offense.


#4.)  Even if we were to take the
      inmate's (indiscernible) that he
      was a willing participant in the
      robbery, but that was based upon
      that he was threatened, we have
      an individual who was killed, two
      other individuals robbed.


#5.)  There's a (indiscernible) occasion
      that the inmate actually got worse
      after the incident, never turned anyone
      in.  This theory indicates that maybe he
      more participation in the crime than he
      alleges.

                              2.

1                         FACTS.

2    #6.)  The bigger issue, of course is the

3           killing of the victim and there seems

4           to be no reason why the victim had to

5           be killed.  This was not a situation

6         where the victim was attempting to

7           fight off the robbers with guns or

8           (indiscernible) anything like that.

9

10   #7.)  The other reason for the denial at

11          this point in time is his institutional

12          behavior.  Prior programming has only been

13          limited while incarcerated.  He has not

14          sufficiently participated in the programs.

15          He has failed to demonstrate evidence of

16          positive change.

17

18   #8.)  Misconduct while incarcerated includes

19          recently a 115, April 29th, year 2004 as

20          well as five recent 128's, starting with

21          chrono 2003 which is his last parole date

22          He had a 115 on July 2000 -- excuse me a

23          128 of July 2003; April of 2004; another

24          one in April 2004; in June 2004 128 and

25          finally a recent January 2005.

26

27

28

FACTS.

#9.)  The psychological report from a Dr. Lewis
      Phd indicates that there are concerns.
      One of the major concerns that the doctor had
      was in regards to his AA 12-step program.
      Basically the doctor indicates under impress-
      ions, assessment of (indiscernible) 2003
      details a risk and return to dangerousness.
      Under Dr. Bencichs, " If the state absolutely
      asks for drug and alcohol (indiscernible) finds
      potential  compared  to  average  lifer.  However,
      his capacity (indiscernible) social status were
      he released is compromised since he is no longer
      availing himself for (indiscernible) of weekly
      support of 12-step meeting.  This makes it more
      likely he will relapse.  (indiscernible)
      meeting.  Therefore, (indiscernible) he be
      paroled. "

#10.)  Another reason for the denial is the 3042
       response.  Inmate has read the letters from
       the District Attorney's Office from Monterey
       County indicating their opposition to the
       inmate's release.  Remarks.

4.