

Emil Ekdahl, Pro se
P.O. Box C-79199 #3N67-U
San Quentin, CA. 94974.

FILED
DEC - 3 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| EMIL JOSEPH WILHELM EKDAHL, III, )<br><br>Petitioner, )<br><br>v.<br><br>ROBERT AYERS, Warden,<br><br>Respondent. )<br> | Case No.  C07-03642 SBA<br><br>**MOTION FOR PERMISSION TO EXPAND THE RECORD AND TO DISCOVERY AND TO HAVE AN EVIDENTIARY HEARING.**<br><br>Judge: The Honorable<br>       Saundra B. Armstrong. |



Petitioner moves this Court for an Evidentiary Hearing and a Discovery Order to clear up Respondent's allegations of False Evidence; to discovery the Board's "secret Theory"; and to have the Board disclose evidence in regards to 2700 life prisons commitment offenses all being found to be heinous atrocious or cruel.  A statistical anomaly that violates due process of law.

(1) Respondent has either through design, or accident, and Petitioner suspects, purposeful malicious design, introduced into the Answer an attempt to muddy the waters concerning evidence.

The Respondent has stated in opposition to the truth and Trial Court found true facts the following:

"Petitioner or one of his companions shot the victim."

(Id in Answer at pg. 2 line(s) 21-22.)

Petitioner asks the Court to hold an evidentiary hearing pursuant to Rule 7, 28 U.S.C.A. foll. § 2254, Advisory Committee Notes (2007); Turner v. Chavez, 586 F.2d 111, 113 (9th Cir. 1978) and appoint a Referee to discover documents Petitioner is unable to obtain. The Documents are:

> 1). The California Youth Authority Parole Hearing Transcripts of co-defendant Steven Horning. At Petitioner's first parole hearing in 1991, former BPT Commissioner Albert Leddy, told Petitioner that he had sat in on Steven's CYA parole hearing and that Steven had admitted to shooting the victim.

> 2). The trial transcripts of co-defendant Mark Horning. Mark had waived time and had a trial several months later than Petitioner's conviction. Petitioner was already incarcerated in state prison when Mark's trial had taken place. Petitioner is unsure of why Mr. Horning was never incarcerated for this offense.

Petitioner believes that if a referee would look at these transcripts the facts would support Petitioner's admissions of guilt (*noting the imperfect statutory defense of innocence per Ca. Pen. § 31).

(2) The BPH in the 2005 parole hearing engaged in pure spec-

ulation when it exposed it's "theory" that "This theory indicates
that maybe he had more participation in the crime than he
alleges."
(Ex. B: Denial Tran. pg. 1 line(s) 22-26.)


The problem here is that if the Board's speculations are
just false what recourse does Petitioner have to obtain a parole
date.  Petitioner asks the Court to appoint a referee, or
ombudsman to discover from the Board why they are engaging in
this speculation in opposition to the trial court facts; or hold
an evidentiary hearing to discover the same. A prisoner is
entitled to have his release date considered by a Board that is
free from bias or prejudice.

O'Bremski, v. Maas, 915 F.2d 418, 422 (9th Cir. 1990).


(3)    Petitioner asks the Court to expand the record and
discover the evidence from the recent In re Criscione, # H-03204
Santa Clara County Superior Court (2007). Where that court found
in statistical evidence of 2700 Board hearings conducted between
the years of 2005 - 2007 a 100% finding of every prisoners' case
appearing before the parole board that their commitment offense
was egregious, heinous, atrocious, or cruel. Petitioner's 2005
parole hearing is among the statistical evidence considered in
Criscione case.  The Board of Prison Hearings could supply this
evidence as they have supplied it to the Criscione Court.
Included with this request is permission to discovery evidence

from the  Coleman v. Board of Prison Terms, 2204 U.S. Dist. LEXIS 29929 case law where that District Court describes a no-parole policy for murderers under previous Governors of California between the years of 1992 - 1998.  Petitioner had parole hearings in 1995, and 1996 during the years the no-parole policy was in effect and Petitioner alleges is still in effect.

Dated: Nov, 29, 2007,

_____
Emil Ekdahl, pro se...

# DECLARATION OF SERVICE BY MAIL

**FILED**
DEC 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

I, _____*EMIL EKDAHL*_____, the undersigned, declare:
_____Printed Name of Declarant_____

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within.  My residence address is:

CDC No. ___C-79199___    Housing ___#3N67-U___
San Quentin State Prison
San Quentin, CA 94974

On ___November 29___, ___2007___, I served the following document(s):
_____Month/Day_____   ___Year___

___One (1) TRAVERS, PLUS EXHIBITS.___
___One (1) MEMORANDUM OF POINTS AND AUTHORITIES___
___One (1) MOTION FOR DISCOVERY AND EVIDENTIARY HEARING.___
_____
_____

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

```
UNITED STATES DISTRICT COURT
FOR  THE NORTHERN DISTRICT OF
CALIFORNIA
1301 Clay Street # 400 S.
Oakland, Ca. 94612-5212.
```

I swear under penalty of perjury that the foregoing is true of my own personal knowledge.  Executed on this ___29___ day of ___November___, ___2007___, at San Quentin, CA, County of Marin.

_____*Emil Ekdahl*_____
_____Signature of declarant_____

# DECLARATION OF SERVICE BY MAIL

FILED
DEC 3 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

I, _____Emil Ekdahl_____, the undersigned, declare:
Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No. _C-79199_    Housing _3N67-U_
San Quentin State Prison
San Quentin, CA 94974

On _November 29_, _2007_, I served the following document(s):
Month/Day    Year

_1 copy of traverse, plus exhibits_
_1 copy of Memorandum of Points and Authorities._
_1 copy of Motion For Discovery and Evidentiary Hearing._

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

California Attorney General
455 Golden Gate Ave.
Suite 11000
San Francisco, Ca. 94102-3664.
Attn: Correctional Law Section.

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this _29_ day of _November_, _2007_, at San Quentin, CA, County of Marin.

_____Emil Ekdahl_____
Signature of declarant