IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JOSEPH WILHELM EKDAHL, III,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent.<br>_____/ | No. C 07-3642 SBA (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 10, 12, 13, 14, 15) |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Parole Hearings (Board). The Court issued an order to show cause. Respondent has filed an answer, and Petitioner has filed a traverse.

Before the Court are Petitioner's "Motion for Permission to Expand the Record and to [Conduct] Discovery and to Have an Evidentiary Hearing" (docket no. 10), Motion for Appointment of Counsel (docket no. 15), and motions for judicial notice (docket nos. 10, 12, 13, 14).

**I.    Discovery Motion and Request for Evidentiary Hearing**

Petitioner requests the Court "to appoint a Referee to discover documents Petitioner is unable to obtain." (Mot. for Disc. and Req. for Evid. Hr'g at 2.) The documents he requests are:

>  (1)   The California Youth Authority Parole Hearing Transcripts of co-defendant Steven Horning. At Petitioner's first parole hearing in 1991, former BPT Commissioner Albert Leddy, told Petitioner that he had sat in on Steven's CYA parole hearing and that Stephen had admitted to shooting the victim.
>
>  (2)   The trial transcripts of co-defendant Mark Horning. Mark had waived time and had a trial several months later than Petitioner's conviction. Petitioner was already incarcerated in state prison when Marks trial had taken place. Petitioner is unsure of why Mr. Horning was never incarcerated for this offense.

(Id.)

Petitioner contends in a conclusory fashion that these document are necessary "to clear up Respondent's allegations of false evidence, to discover[] the Board's 'secret theory'; and to have the

1  Board disclose evidence in regards to 2700 life prisons [sic] commitment offenses all being found to
2  be heinous atrocious or cruel . . . [a] statistical anomaly that violates due process of law." (Id. at 1.)
3  He also requests the Court to hold an evidentiary hearing.

4       A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery
5  as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule
6  6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a
7  "party shall be entitled to invoke the processes of discovery available under the Federal Rules of
8  Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good
9  cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is
10 shown "'where specific allegations before the court show reason to believe that the petitioner may, if
11 the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" Bracy, 520
12 U.S. at 908-09.

13      It appears that Petitioner is attempting to generate evidence not developed in state court
14 proceedings. Under 28 U.S.C. § 2254(e)(2), Petitioner is not entitled to an evidentiary hearing in
15 federal court if he failed to develop the factual basis of a claim in state court unless he shows that the
16 "factual predicate that could not have been previously discovered through the exercise of due
17 diligence and . . . the facts underlying the claim would be sufficient to establish by clear and
18 convincing evidence that but for constitutional error, no reasonable factfinder would have found the
19 applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); see also Baja v. Ducharme, 187
20 F.3d 1075, 1077-78 (9th Cir. 1999) (affirming the denial of an evidentiary hearing under
21 § 2254(e)(2) because petitioner made no showing as to why he failed to develop the evidence
22 supporting his ineffective assistance of counsel case in state court). Here, Petitioner fails to show
23 that he is entitled to an evidentiary hearing under the exceptions above.

24      Accordingly, Petitioner's discovery motion and request for evidentiary hearing (docket no.
25 10) are DENIED.

26      The denial of an evidentiary hearing is without prejudice to the Court's sua sponte
27 reconsideration should the Court find an evidentiary hearing necessary following consideration of
28 the merits of Petitioner's claims.

2

**II.     Motion for Appointment of Counsel**

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966).

As mentioned above, there is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e)(2). Thus, the interests of justice do not require appointment of counsel at this time, and Petitioner's motion for appointment of counsel (docket no. 15) is DENIED.

**III.    Motions for Judicial Notice**

    **A.     Coleman v. Board of Prison Terms**

Petitioner requests that the Court take judicial notice of the findings by the United States District Court for the Eastern District of California in Coleman v. Board of Prison Terms, 2004 U.S. Dist. LEXIS 29929 (E.D. Cal. Dec. 21, 2004), where "that District Court describes a no-parole policy for murderers under previous Governors of California between the years of 1992-1998." (Mot. for Disc. and Req. for Evid. Hr'g at 4.) Petitioner claims that he had parole hearings in 1995 and 1996, "during the years the no-parole policy was in effect . . . ." (Id.)

3

There are two ways in which this Court could construe Petitioner's request to apply the evidentiary record developed by the Eastern District in Coleman. First, the Court construes Petitioner's motion as a request for the Court to take judicial notice of the Eastern District's factual findings in Coleman and apply them to the case at hand. This request is DENIED. It is well-established that in federal court, the "[f]actual findings in one case ordinarily are not admissible for their truth in another case through judicial notice." Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003); accord Lasar v. Ford Motor Co., 399 F.3d 1101, 1117 n.14 (9th Cir. 2005). Second, the Court construes Petitioner's motion to request the application of the doctrine of offensive non-mutual collateral estoppel to establish that the Board decision he is challenging was affected by a "no parole" policy. This the Court cannot do. The Supreme Court has unanimously rejected the application of offensive non-mutual collateral estoppel against the government. United States v. Mendoza, 464 U.S. 154, 160 (1984).

Accordingly, Petitioner's request for the Court to take judicial notice of the findings by the Eastern District in Coleman (docket no. 10) is DENIED.

**B.     Hayward v. Marshall**

Petitioner requests the Court to take judicial notice of the recent opinion by the United States Ninth Circuit Court of Appeals in Hayward v. Marshall. On May 16, 2008, the Ninth Circuit granted en banc review in Hayward. See Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, No. 06-55392, slip op. 5923 (9th Cir. May 16, 2008). Therefore, the panel decision in Hayward is no longer citable as precedent. Accordingly, Petitioner's motion for judicial notice (docket no. 13) is DENIED.

Oral argument was heard in Hayward on June 24, 2008. Subsequently, on July 10, 2008, Ninth Circuit Chief Judge Alex Kozinski directed the parties to file supplemental briefing by July 18, 2008 in light of "the Court's decision to rehear this case en banc pursuant to Circuit Rule 35-3, and the discussion and apparent non-objection of the parties at oral argument that [the Court] should vacate and defer submission pending the California Supreme Court's decisions in In re Lawrence, No. S154018 (Cal. argued June 4, 2008), and In re Shaputis, No. S155872 (Cal. argued June 4, 2008) . . . ." (Hayward July 10, 2008 Order at 1.) On August 21, 2008, the California Supreme

4

1  Court issued decisions in In re Lawrence and In re Shaputis.  Recently, the Ninth Circuit directed the
2  appellant in Hayward to file supplemental briefing by October 8, 2008 addressing the application of
3  these two California Supreme Court decisions to Hayward.  The appellee in Hayward was directed
4  to file a reply brief by October 29, 2008.  If the Ninth Circuit's en banc opinion in Hayward is issued
5  prior to the Court's consideration of the merits of the present petition, the Court of course will take it
6  into consideration without necessity of a motion by Petitioner.

**C.  Other Requests for Judicial Notice**

Petitioner's request that the Court take judicial notice of non-binding state court findings by the Santa Clara County Superior Court in In re Criscione (Case no. H-03204) (docket no. 10) and by the California Supreme Court's above-mentioned decision in In re Lawrence (docket no. 15) are GRANTED.

Petitioner also requests to expand the record and take judicial notice of two articles to serve as "proof of an illegal no parole policy as claimed in Petitioners [sic] Traverse, and petition for writ of habeas corpus."  Although a court may take judicial notice of a newspaper article, see Ritter v. Hughes Aircraft Co., 58 F.3d 454, 458-59 (9th Cir. 1995), Petitioner must meet the burden of demonstrating that the facts of the article are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" as required under Rule 201(b) of the Federal Rules of Evidence.  Petitioner cannot meet this burden because he is, in effect, requesting that the Court take judicial notice of opinions in the articles regarding the alleged "no parole policy."  Accordingly, his motion for judicial notice of the two articles (docket no. 12) is DENIED because the articles and statements therein do not qualify for judicial notice under Rule 201.

**CONCLUSION**

1.  Petitioner's discovery motion and request for an evidentiary hearing (docket no. 10) are DENIED without prejudice.

2.  Petitioner's motion for appointment of counsel (docket no. 14) is DENIED.

3.  Petitioner's request for the Court to take judicial notice of the findings by the Eastern District in Coleman v. Board of Prison Terms (docket no. 10) is DENIED.

5

1      4.    Petitioner's motion for judicial notice of the Ninth Circuit's panel decision in Hayward v. Marshall (docket no. 13) is DENIED.

    5.    Petitioner's motions to expand the record and take judicial notice of the non-binding findings by the Santa Clara County Superior Court in In re Criscione (docket no. 10) and by the California Supreme Court in In re Lawrence (docket no. 15) are GRANTED.

    6.    Petitioner's motion to take judicial notice of the two articles (docket no. 12) is DENIED.

    7.    The Court will address the merits of the petition in a separate written Order.

    8.    This Order terminates Docket nos. 10, 12, 13, 14 and 15.

IT IS SO ORDERED.

DATED: 9/18/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Ekdahl3642.pendingMOTS.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EMIL JOSEPH WILHELM EKDAHL III,

        Plaintiff,

v.

AYERS et al,

        Defendant.

Case Number: CV07-03642 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Emil J.W. Ekdahl C-79199
San Quentin State Prison
1 Main Street
San Quentin, CA 94974

Dated: September 22, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Ekdahl3642.pendingMOTS.wpd