IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JOSEPH WILHELM EKDAHL, III,<br><br>    Petitioner,<br><br> v.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent.                           / | No. C 07-03642 SBA (PR)<br><br>**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>(Docket nos. 32, 33) |

    Petitioner filed a notice of appeal following this Court's denial of his habeas petition challenging as a violation of his constitutional rights the denial of parole by the California Board of Parole Hearings (Board).[1]  The Court construed the notice of appeal as an application for a certificate of appealability.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3).  The Ninth Circuit has made clear that a state prisoner challenging the administrative decision by the Board to deny his request for parole need not obtain a certificate of appealability.  See Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).  Therefore, in an Order dated January 12, 2009, the Court denied Petitioner's request for a certificate of appealability as unnecessary.  The Court then directed the Clerk of the Court to process the notice of appeal.

    Petitioner now moves for leave to proceed in forma pauperis (IFP) on appeal.

    Petitioner paid the district court filing fee; therefore, he was not proceeding IFP in this Court. He therefore does need permission to proceed IFP on appeal.  Rule 24(a)(3) of the Federal Rules of Appellate Procedure, which provides that a party proceeding IFP in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, does not apply.  Instead, 28 U.S.C. 1915(a)(3), which provides that an appeal may not be taken IFP if the trial court certifies that it is not taken in good faith, applies.  § 1915(a)(3) does not turn on whether IFP was granted in district court.

---

    [1]    The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings.  Cal. Penal Code § 5075(a).

1    In the present case, the Court concludes that the appeal was taken in good faith.  Petitioner's
2 declaration in support of his application shows that he qualifies to proceed IFP.  Accordingly, good
3 cause appearing, Petitioner's request for leave to proceed IFP on appeal is GRANTED.
4    This Order terminates Docket nos. 32 and 33.
5    IT IS SO ORDERED.
6 DATED: 1/21/09

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\HC.07\Ekdahl3642.IFPappeal.wpd    2

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| | FOR THE |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

EMIL JOSEPH WILHELM EKDAHL III,

        Plaintiff,

  v.

AYERS et al,

        Defendant.
                                       /

Case Number: CV07-03642 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Emil J.W. Ekdahl C-79199
San Quentin State Prison
1 Main Street
San Quentin, CA 94974

Dated: January 22, 2009

                                         Richard W. Wieking, Clerk
                                         By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Ekdahl3642.IFPappeal.wpd